[Cite as *Hunt v. Alderman*, 2015-Ohio-4667.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MIGUEL HUNT, et al.

      Appellees

      v.

ROBERT E. ALDERMAN, JR.

      Appellant

C.A. No.      27416

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2012-09-5320

DECISION AND JOURNAL ENTRY

Dated: November 12, 2015

MOORE, Judge.

**{¶1}** Defendant-Appellant Robert E. Alderman, Jr. appeals from the entry of the Summit County Court of Common Pleas denying his motion for summary judgment. We reverse and remand to the trial court for further clarification.

I.

**{¶2}** On October 21, 2011, Mr. Alderman and Plaintiff-Appellee Miguel Hunt, both deputy sheriffs with the Summit County Sheriff's Office and members of the SWAT team, were part of a SWAT in-service training session. Both men participated in the training at the direction of their employer. The session was a Taser instructor course. The course involved classroom instruction followed by training scenarios. Some of the scenarios involved a simulated entry into a room by members of the SWAT team. In the scenario at issue, Mr. Alderman was part of the entry team and his role was that of lethal cover for his team. He had with him an unloaded

submachine gun. Mr. Hunt played the role of a suspect. He was instructed to be verbally uncooperative. Mr. Hunt was dressed in a lightly padded Taser suit, which covered him from head to toe and protected him by preventing the Taser barbs from contacting his skin. However, the Taser suit was not designed to protect against physical force. The Tasers used in the training did not deliver an electrical shock and the barbs in the training Tasers were shorter than those used by safety forces during regular duty. Deputy Richard Wright was involved in the scenario; he was the team member with a Taser.

{¶3} The scenario was supposed to involve Mr. Hunt being verbally uncooperative while walking towards Mr. Wright. If Mr. Hunt continued to be uncooperative, Mr. Wright would then deploy the Taser. The scenario, however did not go as anticipated. Mr. Alderman believed it was his role to prevent Mr. Hunt from moving towards, and harming, other members of the team. Thus, once Mr. Hunt began moving towards Mr. Wright, Mr. Alderman struck Mr. Hunt in the head with the end of his weapon.[1] Mr. Hunt fell to the ground. Mr. Alderman, who appeared very distraught upon seeing Mr. Hunt fall, came over to Mr. Hunt, apologized, and remarked that he thought Mr. Hunt was wearing a helmet.

{¶4} Mr. Hunt received medical treatment and ultimately was diagnosed with a concussion. He received workers' compensation for his injuries. The incident prompted the Summit County Sheriff's Office to conduct an internal investigation. The report that issued from that investigation found Mr. Alderman negligent in his use of force.

{¶5} In September 2012, Mr. Hunt and his wife filed a two-count complaint for assault and battery and loss of consortium against Mr. Alderman. Mr. Alderman filed a motion for summary judgment asserting that he was entitled to co-worker immunity as provided by R.C.

[1] There is a factual dispute in the record with respect to whether Mr. Alderman struck Mr. Hunt with the butt end of the weapon or the muzzle end.

4123.741. Additionally, he asserted that the intentional tort exception to co-worker immunity was not applicable in light of the facts. Mr. Hunt filed a brief in opposition and Mr. Alderman filed a reply. Mr. Hunt also filed a motion to strike portions of Mr. Alderman's affidavit, the Summit County Sheriff's Office's report, and the finding made based upon that report. Mr. Alderman opposed the motion.

{¶6} The trial court denied Mr. Alderman's motion for summary judgment without expressly ruling on Mr. Hunt's motion to strike. The trial court summarized the motion for summary judgment as follows: "[Mr. Alderman] argues that he is entitled to co-worker immunity pursuant to R.C. 4123.741 and that the intentional tort exception to co-worker immunity is not applicable." The trial court concluded that, "[w]ith regard to the issue of whether the intentional tort exception is applicable, the Court finds that genuine issues of material fact remain to be litigated."

{¶7} Mr. Alderman has appealed, raising three assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY NOT FINDING THAT [MR.] ALDERMAN MET HIS INITIAL BURDEN OF POINTING TO EVIDENCE IN THE RECORD THAT DEMONSTRATES A LACK OF GENUINE ISSUES OF MATERIAL FACT WITH RESPECT TO IMMUNITY UNDER R.C. 4123.741.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY IMPLICITLY FINDING, WITHOUT EXPLANATION THAT [MR.] HUNT HAD PUT FORTH SUFFICIENT EVIDENCE TO OVERCOME THE EVIDENCE SUPPORTING [MR.] ALDERMAN'S MOTION FOR SUMMARY JUDGMENT.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY NOT GRANTING IMMUNITY TO [MR.] ALDERMAN UNDER R.C. 4123.741.

{¶8} Mr. Alderman argues in his first assignment of error that the trial court erred in concluding that he failed to meet his initial burden under R.C. 4123.741. He asserts in his second assignment of error that the trial court erred in implicitly finding that Mr. Hunt met his reciprocal burden. Finally, Mr. Alderman maintains in his third assignment of error that the trial court erred in not granting him the benefit of immunity pursuant to R.C. 4123.741. As Mr. Alderman's assignments of error are related, they will be addressed together.

{¶9} "The denial of a motion for summary judgment is not ordinarily a final, appealable order." *Buck v. Reminderville,* 9th Dist. Summit No. 27002, 2014-Ohio-1389, ¶ 5. "However, Revised Code Section 2744.02(C) provides that '[a]n order that denies * * * an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.'" (Emphasis omitted.) *Buck* at ¶5, quoting R.C. 2744.02(C). "The Ohio Supreme Court has recognized that this section applies to render the denial of immunity under any state or federal law a final, appealable order." *Buck* at ¶ 5, citing *Summerville v. Forest Park,* 128 Ohio St.3d 221, 2010-Ohio-6280, ¶ 15. Given that the entry of the trial court denied Mr. Alderman, an employee of the Summit County Sheriff's Office, the benefit of the immunity provided by R.C. 4123.741, we conclude the trial court's entry is a final, appealable order. *See Buck* at ¶ 5-6.

{¶10} In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from

the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293; Civ.R. 56(E).

{¶11} Mr. Alderman argues that R.C. 4123.741 provides him with immunity for the incident on October 21, 2011, and that the intentional tort exception to that immunity does not apply.

{¶12} R.C. 4123.741 provides that,

[n]o employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code.

{¶13} Mr. Hunt only appears to assert that the immunity conferred by R.C. 4123.741 does not apply to Mr. Alderman because the intentional tort exception applies. Mr. Alderman denies that the exception applies, arguing that there was no evidence that he intended to injure Mr. Hunt. The parties do not dispute that Mr. Hunt and Mr. Alderman were employees of the Summit County Sheriff's Office and were at the training session at the behest of their employer. Moreover, there is no dispute that Mr. Hunt received workers' compensation payments for his injuries.

**{¶14}** The Supreme Court has stated that "[c]ommon-law damages are clearly unavailable under R.C. 4123.741 for injuries negligently inflicted by a co-employee in the course of employment." *Jones v. VIP Dev. Co.,* 15 Ohio St.3d 90, 100 (1984), superseded on other grounds by statute as stated in *Houdek v. ThyssenKrupp Materials, N.A., Inc.,* 134 Ohio St.3d 491, 2012-Ohio-5685. However, the Supreme Court of Ohio has not specifically held that an intentional tort exception exists in the context of fellow employee suits and R.C. 4123.741. *See State ex rel. Yeaples v. Gall,* 141 Ohio St.3d 234, 2014-Ohio-4724, ¶ 18 (stating that to resolve the case before it, the Court "need not tread into the complex workers' compensation milieu to determine whether Ohio recognizes the workplace intentional tort against a co-employee"). Nonetheless, in light of other precedent and dicta, it is reasonable to conclude such an exception does exist. In discussing R.C. 4123.74, the statute addressing employer immunity, the Supreme Court has noted that, "[b]y designating as compensable only those injuries ' * * * received or contracted * * * in the course of or arising out of * * * employment * * *,' the General Assembly has expressly limited the scope of compensability." *Blankenship v. Cincinnati Milacron Chems., Inc.,* 69 Ohio St.2d 608, 612 (1982), superseded on other grounds by statute as stated in *Houdek.* Thus, "where an employee asserts in his complaint a claim for damages based on an intentional tort, * * * the substance of the claim is not an injury * * * received or contracted by any employee in the course of or arising out of his employment within the meaning of R.C. 4123.74 * * *." (Internal quotations and citation omitted.) *Id.* at 613. Therefore, the Supreme Court held that, "[s]ince an employer's intentional conduct does not arise out of employment, R.C. 4123.74 does not bestow upon employers immunity from civil liability for their intentional torts and an employee may resort to a civil suit for damages." *Id.*

**{¶15}** Given that identical phrasing is found in R.C. 4123.741, it is reasonable to conclude that fellow employees are likewise not immune from civil liability for intentional torts. *See also Blankenship* at 618-619 (Brown, J., concurring) ("This court has never yet ruled that an employer may intentionally harm an employee and remain immune to civil suit. Nor have we yet ruled that a fellow employee may intentionally harm another employee with such impunity. * * * Accordingly, the common law right of action against an employer or fellow employee for intentional torts remains."); *Jones* at 100; *Whiston v. Bio-Lab, Inc.,* 85 Ohio App.3d 300, 311 (9th Dist.1993) (R.C. 4123.741 immunity "does not apply to the intentional torts of fellow employees[.]"); *Switka v. Youngstown,* 7th Dist. Mahoning No. 05MA74, 2006-Ohio-4617, ¶ 33 (R.C. 4123.741 immunity "does not extend to intentional torts, which by definition do not arise in the course of one's employment."); *LaCava v. Walton,* 8th Dist. Cuyahoga No. 69190, 1996 WL 325274, *2-*3 (June 13, 1996); *but see Ross v. Diamond Internatl. Corp.,* 12th Dist. Butler Nos. CA84-08-093, CA84-09-094, CA84-09-095, 1985 WL 8711, *2 (June 28, 1985).

**{¶16}** In the context of addressing employee actions against employers, the Ohio Supreme Court has held that "[a]n intentional tort is an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur." *Jones,* 15 Ohio St.3d at paragraph one of the syllabus; *see Tablack v. Bd. of Mahoning Cty. Commrs.,* 7th Dist. Mahoning No. 07 MA 197, 2008-Ohio-4804, ¶ 53; *Switka,* 2006-Ohio-4617, at ¶ 34 (applying *Jones* in a fellow employee case).

**{¶17}** In subsequently modifying the test, the Supreme Court of Ohio held that,

[t]o establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer

knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk-something short of substantial certainty-is not intent.

{¶18} *Fyffe v. Jeno's Inc.,* 59 Ohio St.3d 115 (1991), paragraph two of the syllabus.[2]

{¶19} We conclude that we are unable to fully and appropriately review the trial court's decision in light of its brief entry. The trial court summarized the motion for summary judgment, stating that, "[Mr. Alderman] argues that he is entitled to co-worker immunity pursuant to R.C. 4123.741 and that the intentional tort exception to co-worker immunity is not applicable." The trial court immediately thereafter concluded that, "[w]ith regard to the issue of whether the intentional tort exception is applicable, the Court finds that genuine issues of material fact remain to be litigated." The entry provides no other analysis or reasoning. While the trial court determined that genuine issues of material fact remained with respect to whether the intentional tort exception applied, we are left to speculate as to precisely what the trial court concluded. As stated above, "[a]n intentional tort is an act committed with the intent to injure another, *or* committed with the belief that such injury is substantially certain to occur." (Emphasis added.) *Jones,* 15 Ohio St.3d at paragraph one of the syllabus. The trial court could have concluded that an issue of fact remains with respect to whether Mr. Alderman intended to harm Mr. Hunt, with

---

[2] In *Fyffe,* the Supreme Court additionally adopted a three-part employer specific test to address whether intent was established. *See id.* at paragraph one of the syllabus. It is unclear how, or whether, that test should be modified to address fellow employee intentional tort cases. Additionally, we note that, in enacting R.C. 2745.01, the General Assembly articulated a more limited definition of "substantially certain[,]" *see* R.C. 2745.01(B), thereby intending to permit "recovery for *employer* intentional torts only when *an employer acts* with specific intent to cause an injury * * *." (Emphasis added and omitted.) *Houdek,* 134 Ohio St.3d 491, 2012-Ohio-5685, ¶ 23, quoting *Kaminski v. Metal & Wire Prods. Co.,* 125 Ohio St.3d 250, 2010-Ohio-1027, ¶ 56. However, because that definition only applies to R.C. 2745.01 cases (actions brought against an employer by an employee), that definition has no application here, as the action involves the conduct of fellow employees.

respect to whether Mr. Alderman acted with a belief that injury was substantially certain to occur, or it could have concluded that an issue of fact remains with respect to both prongs. Any of those determinations would have led the trial court to determine summary judgment was inappropriate based up on the intentional tort exception to co-worker immunity. Absent further clarity from the trial court, we are unable to determine what the trial court decided, and, thus, any meaningful review is greatly hindered. "This Court has recognized that, '[if] a trial court's judgment is not sufficiently detailed, a reviewing court may be left in the unfortunate position of being unable to provide meaningful review.'" *Pitts v. Sibert,* 9th Dist. Summit No. 27345, 2015-Ohio-3020, ¶ 21, quoting *Kokoski v. Kokoski*, 9th Dist. Lorain No. 12CA010202, 2013-Ohio-3567, ¶ 11, quoting *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 19. *See also Murray v. David Moore Builders, Inc.*, 9th Dist. Summit No. 23257, 2006-Ohio-6751, ¶ 8-10; *MSRK, L.L.C. v. Twinsburg*, 9th Dist. Summit No. 24949, 2012-Ohio-2608, ¶ 10. Accordingly, to the extent Mr. Alderman has asserted the trial court erred, we agree. We reverse the trial court's judgment and remand the matter "so that the trial court can create an entry sufficient to permit appellate review." *Pitts* at ¶ 21, quoting *MSRK, L.L.C.* at ¶ 10.

{¶20} Mr. Alderman's assignments of error are sustained to the extent discussed above.

III.

{¶21} The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

 

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and MARVIN D. EVANS, Assistant Prosecuting Attorney, for Appellant.

DAVID P. BERTSCH, Attorney at Law, for Appellee.