[Cite as *Hartman v. Hartman*, 2016-Ohio-369.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DESSERAI S. HARTMAN

      Appellee

      v.

ROBERT S. HARTMAN

      Appellant

C.A. No.      27776

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2012-07-2232

DECISION AND JOURNAL ENTRY

Dated: February 3, 2016

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, Robert Hartman ("Husband"), appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, determining that funds within a mortgage escrow account (also known as an impound account) were part of the marital home's equity, and subsequently awarding those funds to Plaintiff-Appellee, Desserai Hartman ("Wife"). We reverse and remand to the trial court for further clarification.

I.

**{¶2}** In 2012, Wife filed for divorce from Husband after seven years of marriage. The trial court issued a divorce decree on June 3, 2013. As relevant to this appeal, the divorce decree contained the following language:

> [Wife] shall maintain possession of the marital home on * * * Johns Road, New Franklin, Ohio. She shall refinance the home in her name within one year. If she is unable to do so within one year, the property shall be sold. [Wife] shall retain any equity in the home at * * * Johns Road, New Franklin, Ohio in exchange for no spousal support being awarded.

Despite the fact that the divorce decree granted Wife possession of the marital home, the mortgage on that home remained in Husband's name. Neither party initially paid the mortgage on the marital home following the issuance of the divorce decree, as both parties insisted that it was the other party's obligation to do so. As a result, the parties fell behind on the property's mortgage and tax payments, which hindered Wife's ability to refinance the home in her name as she was required to do under the divorce decree. Wife ultimately made the mortgage payments and paid the arrears in order to finalize the refinancing process.

{¶3} On February 4, 2014, Wife filed a contempt motion asking the trial court "to require [Husband] to show cause as to why he interfered with the transfer of the marital home awarded to her in the [divorce decree], as well as abide by other terms and conditions of the divorce." As pertinent to this case, Wife challenged Husband's receipt and subsequent negotiation of an escrow refund check made payable to him in the amount of $2,995.99 from U.S. Bank following the finalization of Wife's loan refinance documents on the marital home, and after she had made $2,366.78 in mortgage payments on the marital home.

{¶4} A hearing concerning Wife's contempt motion was held on April 17, 2014.[1] On April 29, 2014, the magistrate issued a decision wherein he determined that the $2,995.99 escrow overage refund check that Husband received from U.S. Bank was equity in the marital home. The magistrate then concluded that Wife was entitled to this money, as she is entitled to retain any equity in the marital home pursuant to the terms of the divorce decree. The trial court adopted the magistrate's decision. Husband filed timely objections to the magistrate's decision, which the trial court ultimately denied.

---

[1] The April 17, 2014 hearing also addressed a motion to show cause filed by Husband on November 1, 2013. Husband's motion is not relevant to this appeal.

{¶5}    Husband has appealed, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred when it determined that escrow funds associated with the sale of a marital residence were considered to be equity in the home, and thus erred when it ordered the Appellant to return escrow funds that had been released to the Appellee.**

{¶6}    In his sole assignment of error, Husband argues that the trial court erred by concluding that the $2,995.99 escrow overage refund check that he received from U.S. Bank was equity in the marital home and that Wife was entitled to this money pursuant to the terms of the divorce decree. However, we do not reach the merits of Husband's argument, as we determine that the trial court's judgment entry requires further clarification.

{¶7}    It is undisputed that the parties' divorce decree ordered Wife to retain any equity in the marital home in exchange for Husband paying no spousal support. The issue that Husband asks this Court to resolve is what is meant by the term "equity," or, more specifically, whether funds within a mortgage escrow account constitute part of a property's equity. In its judgment entry overruling Husband's objections to the magistrate's decision, the trial court stated that it was "not persuaded as to the fact that the amount ordered to be paid to [Wife] was 'equity' or 'escrow' monies." Three sentences later, however, the trial court concluded that it was "restricted to the plain language of the [divorce] decree regarding the equity from the marital residence," before ultimately ruling that "[t]he magistrate was within his discretion to make the finding and the award of payment as he did." Thus, it appears as though the trial court was first unable to conclude whether the $2,995.99 escrow refund check constituted equity before ultimately ruling that Wife was entitled to this money pursuant to the plain language of the divorce decree. Moreover, it is unclear whether the trial court's usage of the word "equity" in its

judgment entry was used as a financial term of art[2] or rather to refer to the trial court's equitable powers. Regardless, we determine that the nature of the trial court's judgment entry makes it impossible for this Court to offer any meaningful review. *See Hunt, et al. v. Alderman*, 9th Dist. Summit No. 27416, 2015-Ohio-4667, ¶ 19 (remanding matter to the trial court in order to issue a decision sufficient to permit appellate review).

{¶8} In light of the foregoing, the judgment is reversed and this matter is remanded for the trial court to clarify its judgment entry.

III.

{¶9} The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

---

[2] Equity is defined as the value of an asset less the value of all liabilities on that asset.

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JULIE A. SCHAFER
FOR THE COURT

MOORE. P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

MELISSA GRAHAM-HURD and REBECCA M. BLACK, Attorneys at Law, for Appellee.