[Cite as *Jones v. Carrols, L.L.C.*, 2017-Ohio-7150.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| ERICK JONES | C.A. No. 28406 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CARROLS, LLC, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. CV 2013-12-5850 |

DECISION AND JOURNAL ENTRY

Dated: August 9, 2017

HENSAL, Presiding Judge.

{¶1} Erick Jones appeals from the judgment of the Summit County Court of Common Pleas. For the reasons explained below, we reverse and remand the matter for further proceedings consistent with this decision.

I.

{¶2} This case involves the enforceability of an arbitration agreement relating to Mr. Jones' claims against Carrols LLC d/b/a Burger King (his former employer), and three of his former supervisors and/or managers (collectively, "Defendants"). The procedural history and factual background is set forth in this Court's prior decision, *Jones v. Carrols, L.L.C.*, 9th Dist. Summit No. 27385, 2015-Ohio-2250, as follows:

> In 2004, Mr. Jones began working at a Burger King location owned by Carrols, and he was eventually promoted to shift supervisor and took on certain managerial duties. In July 2006, Carrols implemented a Mandatory Arbitration Policy ("MAP") that required employees to arbitrate nearly all claims associated with their employment. Although Carrols required all new employees to sign a copy of the MAP, it did not require current employees to do so. Instead, Carrols

distributed a memorandum to franchise managers to be disseminated to the employees. The memorandum stated that, by reporting to work on or after August 1, 2006, the employee was agreeing to the MAP. Carrols also required managers to hang a poster containing the MAP in the office.

Mr. Jones was fired in December 2012. On December 16, 2013, Mr. Jones filed a complaint against Defendants, alleging racial and age discrimination, intentional infliction of emotional distress, invasion of privacy, and negligent supervision. Defendants moved to compel arbitration pursuant to the MAP, and Mr. Jones opposed their motion, arguing that he had never agreed to the MAP and had been unaware of its existence.

*Id.* at ¶ 2-3. Mr. Jones also argued that he did not knowingly and voluntarily waive his right to a jury trial, that the terms of the MAP were procedurally and substantively unconscionable, and that the MAP was overly broad and against public policy.

{¶3} The trial court granted Defendants' motion to compel arbitration, finding that Carrols took "reasonable steps" to inform Mr. Jones of the MAP. It also concluded, without any explanation or analysis, that the MAP was neither procedurally or substantively unconscionable. Mr. Jones appealed the trial court's decision to this Court, raising five assignments of error for our review. We reversed and remanded the matter on the basis that the trial court did not make a determination as to whether Mr. Jones knew about the MAP, noting that "a party cannot assent to a term of which the party is unaware." *Id.* at ¶ 8, 12. We declined to address his remaining assignments of error on the basis that they were not ripe for review. *Id.* at ¶ 13.

{¶4} On remand, the trial court determined that Mr. Jones did, in fact, have knowledge of the MAP. In doing so, it analyzed the evidence presented at the hearing and applied the applicable law. It also noted that it had previously determined that the MAP was lawful, that it was not unconscionable, and that the subject matter of Mr. Jones' claims fell within its scope. It, therefore, granted Defendants' renewed motion to compel arbitration and dismissed Mr. Jones' complaint. Mr. Jones now appeals, raising five assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' RENEWED MOTION TO COMPEL ARBITRATION AND DISMISSING THE CASE BECAUSE THE ARBITRATION AGREEMENT IS UNCONSCIONABLE.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' RENEWED MOTION TO COMPEL ARBITRATION AND DISMISSING THE CASE BECAUSE THE ARBITRATION AGREEMENT IS AGAINST PUBLIC POLICY.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' RENEWED MOTION TO COMPEL ARBITRATION AND DISMISSING THE CASE BECAUSE THE MAP PROGRAM DID NOT CREATE A VALID ENFORCEABLE ARBITRATION AGREEMENT UNDER OHIO LAW.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' RENEWED MOTION TO COMPEL ARBITRATION AND DISMISSING THE CASE BECAUSE ERICK JONES' CLAIMS DO NOT FALL WITHIN THE SCOPE OF THE ARBITRATION AGREEMENT.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' RENEWED MOTION TO COMPEL ARBITRATION AND DISMISSING THE CASE BECAUSE ERICK JONES NEVER WAIVED HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL ON HIS LEGAL CLAIMS.

{¶5}    In his assignments of error, Mr. Jones argues that the trial court erred by granting Defendants' motion to compel arbitration and dismissing his complaint because: (1) the MAP is procedurally and substantively unconscionable; (2) the MAP is against public policy because it includes a waiver of his right to bring a class action; (3) the MAP is not valid or enforceable under Ohio law; (4) his claims do not fall within the scope of the MAP; and (5) he never waived

his constitutional right to a jury trial. As explained below, the lack of sufficient detail in the trial court's judgment entries prevents this Court from being able to provide a meaningful review of the issues presented.

{¶6} "This Court has consistently held that it is the trial court's duty to resolve issues in the first instance." *Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341, ¶ 9. Additionally, we have recognized that "'[if] a trial court's judgment is not sufficiently detailed, a reviewing court may be left in the unfortunate position of being unable to provide meaningful review.'" *Kokoski v. Kokoski*, 9th Dist. Lorain No. 12CA010202, 2013-Ohio-3567, ¶ 11, quoting *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 19.

{¶7} Here, the trial court's judgment entry following this Court's remand indicated that it had "already determined that the [MAP] is lawful, not unconscionable and the subject matter falls within the scope of the [MAP]." While the trial court's prior judgment entry did indicate that the MAP was not procedurally or substantively unconscionable, it provided no analysis in that regard. Further, there is no language in the trial court's prior judgment entry indicating that it found the MAP to be otherwise lawful, or that Mr. Jones' claims fell within its scope. As it stands, the only issue that the trial court has discussed in any meaningful manner is whether Mr. Jones knew about the MAP.

{¶8} While we are mindful of the fact that this case has already been remanded once for the trial court to make a finding regarding Mr. Jones' knowledge of the MAP, the lack of any analysis relating to the remaining issues prevents this Court from conducting a meaningful review. Accordingly, we reverse and remand the trial court's judgment so that the trial court can create an entry sufficient to permit appellate review. *Schutte v. Summit Cty. Sheriff's Office*, 9th

Dist. Summit No. 28203, 2017-Ohio-4172, ¶ 11. This Court takes no position on the merits of Mr. Jones' arguments at this time.

III.

{¶9} In light of the foregoing, the judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
CONCURS.

CALLAHAN, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶10} I agree with the majority's decision as to Mr. Jones' Fourth Assignment of Error. Although the trial court's September 29, 2016 journal entry said it had previously determined that Mr. Jones' claims fell within the arbitration provision, nothing in the court's previous entry (May 6, 2014) referred to such a determination. Such a finding is crucial, especially in light of the trial court's decision to grant Carrols' request to dismiss the case in its entirety rather than to grant Carrols' alternative request for a stay.

{¶11} I disagree with the majority's decision that a lack of analysis by the trial court prevents this Court from conducting a meaningful review of the remaining assignments of error. I do so because I believe the majority's reliance on *Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341, to be misplaced because I find *Finn's* reliance on *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992) to have been misplaced. *Murphy* addressed a narrow set of facts pertaining to the court's failure to consider evidence. It did not discuss analysis, or lack thereof.

{¶12} However, because the arbitrability of Mr. Jones' claims is the necessary first step in the analysis of this case, I reluctantly agree that the matter must be remanded on that issue.

APPEARANCES:

ROBERT E. KERPER, JR., Attorney at Law, for Appellant.

JEFFREY J. MAYER, Attorney at Law, for Appellees.

CARL H. GLUEK, Attorney at Law, for Appellees.