[Cite as *CitiMortgage, Inc. v. Tillman*, 2018-Ohio-629.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| CITIMORTGAGE, INC. | C.A. No. 17CA011090 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT L. TILLMAN, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 11CV172231 |

DECISION AND JOURNAL ENTRY

Dated: February 20, 2018

CARR, Judge.

{¶1} Robert L. Tillman appeals from the judgment of the Lorain County Court of Common Pleas, which granted summary judgment in favor of Lerner, Sampson & Rothfuss, L.P.A ("LSR"). We reverse and remand the matter for further proceedings consistent with this decision.

I.

{¶2} CitiMortgage, Inc., who is not a party to this appeal, initiated a foreclosure action against Mr. Tillman based upon his alleged default on the terms of the note and mortgage of his residential property. Mr. Tillman filed a pro se answer, but subsequently obtained counsel. He then filed an amended answer and asserted counterclaims against CitiMortgage. Relevantly, he claimed that a forbearance agreement was in effect at the time CitiMortgage initiated the foreclosure action and, thus, CitiMortgage wrongfully filed the foreclosure action and breached the forbearance agreement.

{¶3} Mr. Tillman later moved to join LSR, the law firm CitiMortgage used to file its foreclosure action, as a party, which the trial court granted. Mr. Tillman then filed a second amended answer and first amended counterclaim, wherein he asserted claims against LSR for violations of the Fair Debt Collection Practices Act, as well as civil conspiracy and aiding and abetting.

{¶4} CitiMortgage moved for summary judgment, arguing that it was entitled to judgment as a matter of law because Mr. Tillman defaulted on the terms of the note and mortgage by failing to make the required monthly payments. CitiMortgage also argued that it was entitled to summary judgment on Mr. Tillman's counterclaims, arguing that Mr. Tillman never properly executed the forbearance agreement. The trial court denied CitiMortgage's motion, holding that "genuine issues of fact exist regarding whether CitiMortgage and Robert Tillman entered into a forbearance agreement."

{¶5} Almost one year later, the trial court issued a "Consent Judgment Entry and Decree of Foreclosure, and Dismissal of Counterclaim against [CitiMortgage.]" In it, the trial court acknowledged that CitiMortgage and Mr. Tillman had resolved all claims between them and had consented to certain terms. More specifically, the parties agreed that Mr. Tillman breached the conditions of the note and mortgage by failing to make the required payments, and that CitiMortgage was entitled to a foreclosure. The consent judgment entry did not resolve any claims between Mr. Tillman and LSR.

{¶6} Following the issuance of the consent judgment entry, LSR moved for summary judgment. In its motion, LSR made numerous arguments, including: (1) Mr. Tillman's claims against LSR failed as a matter of law under the issue preclusion branch of res judicata because the consent judgment entry indicated that the foreclosure was proper and that CitiMortgage was

entitled to the relief it requested; (2) Mr. Tillman's claims were barred by judicial estoppel because he did not disclose any claims against LSR in his bankruptcy proceeding, which was both filed and dismissed during the pendency of the underlying foreclosure action; (3) Mr. Tillman's claims were barred by judicial estoppel because allowing his claims to go forward would result in Mr. Tillman taking a contrary position to the position he took relative to the consent judgment entry; (4) Mr. Tillman's claims failed on their merits in light of the concessions he made in the consent judgment entry; and (5) Mr. Tillman could not sue a law firm simply because it filed a foreclosure action on behalf of its client. LSR also argued that it was entitled to summary judgment on Mr. Tillman's claims for aiding and abetting and civil conspiracy, but Mr. Tillman voluntarily dismissed those claims prior to responding to LSR's motion.

{¶7}  In his response to LSR's motion for summary judgment, Mr. Tillman argued, in part, that the trial court should deny LSR's motion because: (1) the trial court had previously determined that genuine issues of material fact remained regarding the validity of the forbearance agreement when it denied CitiMortgage's motion for summary judgment; (2) he agreed to the consent judgment entry so that the property could be sold at a sheriff's sale and, in doing so, he did not abandon his position that a valid and enforceable forbearance agreement existed at the time CitiMortgage, through LSR, filed the foreclosure action; (3) issue preclusion did not apply because it requires the filing of a subsequent suit, and allowing him to pursue his FDCPA claim would not produce inconsistent results; (4) judicial estoppel did not apply because he had not taken a contrary position, and because his failure to disclose claims against LSR in the bankruptcy proceeding was of no consequence since he did not receive a discharge; and (5) attorneys may be held liable for violating the FDCPA.

{¶8} The trial court granted LSR's motion. Mr. Tillman has appealed, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT GRANTED LERNER, SAMPSON & ROTHFUSS'S ("LSR") MOTION FOR SUMMARY JUDGMENT ON TILLMAN'S CLAIM FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA").

{¶9} In his assignment of error, Mr. Tillman argues that the trial court erred when it granted LSR's motion for summary judgment. For the reasons discussed below, we decline to address the merits of Mr. Tillman's argument.

{¶10} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). While we afford no deference to the trial court, this Court has previously held that we cannot properly review an award of summary judgment in a case of this complexity when a trial court's judgment entry provides no indication as to what it actually decided. *Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341, ¶ 8. Further, the lack of any analysis is "unfair to the parties, who are essentially forced to simply refile their summary judgment motions in the appellate court due to being unsure why the trial court rendered the decision it did." *Id.* at ¶ 9.

{¶11} Here, the parties presented numerous arguments in their summary judgment briefing, but the trial court's judgment entry lacks any analysis as to its basis for granting summary judgment in favor of LSR. The parties, therefore, essentially refiled their summary judgment motions with this Court. Because the trial court's judgment entry is not sufficiently detailed, we are left in the unfortunate position of being unable to provide meaningful review. *Hunt v. Alderman*, 9th Dist. Summit No. 27416, 2015-Ohio-4667, ¶ 19. We, therefore, reverse

the trial court's judgment and remand the matter so that the trial court can create an entry sufficient to permit appellate review. *Id.*

III.

{¶12} The judgment of the Lorain County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
CONCURS.

CALLAHAN, J.
DISSENTING.

{¶13} I respectfully disagree with the manner by which the majority disposes of this appeal. I am troubled by the majority's position that the trial court must issue an opinion explaining the rationale behind its decision to grant summary judgment before this Court can conduct its review. Such an explanation is not generally required by Civ.R. 56, which is the rule governing summary judgments. Further, Civ.R. 52 specifically states that "findings of fact and conclusions of law * * * are unnecessary upon [certain] motions including those pursuant to * * * Civ.R. 56."

{¶14} In support of its reasoning the majority relies upon *Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341. As I stated in my dissent in *Jones v. Carrols, LLC*, 9th Dist. Summit No. 28406, 2017-Ohio-7150, ¶ 11, I find the majority's reliance on *Finn* to be misplaced because I find *Finn's* reliance on *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992) to have been misplaced. In *Murphy*, the trial court made an affirmative statement that it did not even read the parties' summary judgment motions or briefs before it granted summary judgment. 65 Ohio St.3d at 359. The Supreme Court reversed the matter, finding that the trial court failed to comply with its mandatory duty to examine all appropriate materials before ruling on the motion. *Id.* at 360. In doing so the high court held: "A reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. *If the trial court does not consider all the evidence before it*, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court." (Emphasis added.) *Id.* The *Murphy* Court did not address the

contents of the trial court's opinion, let alone mandate that the trial court's opinion contain its reasons for granting summary judgment.

**{¶15}** Here, unlike *Murphy*, the trial court's entry explicitly states that it granted summary judgment "[a]fter review of the motion, opposition, reply and the evidence." Hence, it appears as though the trial court complied with its duty under Civ.R. 56 to "consider all the evidence before it," and a review by this Court would not be a first review. *See Murphy* at 360. As noted by the majority, this Court's standard of review is de novo. This standard does not change based on the complexity of the case. Under a de novo review, the evidence is considered "[a]new." *Black's Law Dictionary* 467 (8th Ed.2004). While an analysis by the trial court might be helpful or persuasive, it certainly is not necessary for appellate review of a summary judgment decision. *Shafer v. Russ Newman Ins. Agency*, 4th Dist. Highland No. 12CA11, 2013-Ohio-885, ¶ 8.

**{¶16}** This position is supported by the Civil Rules and by case law in several other districts. *See, e.g., Shafer* at ¶ 8, quoting *Robson v. Quentin E. Cadd Agency*, 179 Ohio App.3d 298, 2008-Ohio-5909, ¶ 13 (4th Dist.) ("'we do not need a statement of the trial court's rationale to perform our [appellate] function'"); *Smith v. Bd. of Cuyahoga Cty. Commrs.*, 8th Dist. Cuyahoga No. 86482, 2006-Ohio-1073, ¶ 29 (addressing various reasons supporting grant of summary judgment where trial court granted summary judgment without opinion); *Bodnar v. Hawthorn of Aurora Ltd. Partnership*, 11th Dist. Portage No. 2006-P-0002, 2006-Ohio-6874, ¶ 8, 15 (addressing arguments offered in support of summary judgment where trial court did not state the basis for its decision).

**{¶17}** I certainly encourage trial judges to provide analyses with their decisions. Doing so helps to promote confidence in the justice system to those who otherwise might feel that their

case was given no consideration. Remanding this case without review, however, has the opposite effect. For all the above reasons, I would address the merits of Mr. Tillman's assignment of error.

APPEARANCES:

JACK MALICKI, Attorney at Law, for Appellant.

RICK D. DEBLASIS and CYNTHIA FISCHER, Attorneys at Law, for Appellee.