[Cite as *Covender v. State*, 2019-Ohio-3715.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| JOEL COVENDER | | C.A. No. 18CA011355 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STATE OF OHIO | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No. 13CV181182 |

DECISION AND JOURNAL ENTRY

Dated: September 16, 2019

SCHAFER, Judge.

{¶1}     Plaintiff-Appellant, Joel Covender, appeals the judgments of the Lorain County Court of Common Pleas denying his motion for summary judgment and granting summary judgment in favor of Defendant-Appellee, State of Ohio.

I.

{¶2}     Mr. Covender commenced this wrongful imprisonment action on August 15, 2013.  Proceeding on an amended complaint, Mr. Covender sought declaration that he was a wrongfully imprisoned individual, pursuant to R.C. 2743.48, based on the underlying criminal actions initiated in Case Nos. 94CR045253 and 94CR045912.

{¶3}     Mr. Covender filed a motion arguing that summary judgment was warranted because he presented sufficient evidence to satisfy each element of R.C. 2743.48(A), thereby demonstrating that he was a wrongfully imprisoned individual.  The State opposed Mr. Covender's motion, and then filed the State's own motion for summary judgment.  The State

asserted the following arguments in support of its motion: (1) as it relates to Case. No. 94CR45912, Mr. Covender's wrongful imprisonment claim was filed outside of the statute of limitations; (2) neither of Mr. Covender's criminal convictions were "vacated, dismissed, or reversed on appeal" as required by R.C. 2743.48(A)(4); and (3) Mr. Covender cannot satisfy the actual innocence prong of R.C. 2743.48(A)(5). Mr. Covender filed a brief in opposition challenging summary judgment on each basis argued in the motion.

{¶4} The trial court simultaneously issued two separate journal entries: one denying Mr. Covender's motion for summary judgment, and the other granting the State's motion for summary judgment and dismissing Mr. Covender's amended complaint. Mr. Covender timely appealed, presenting a single assignment of error for our review.

II.

### Assignment of Error

**The lower court erred when it granted [the State]'s motion for summary judgment and denied [Mr. Covender]'s motion for summary judgment because [Mr.] Covender satisfies all of the requirements under []R.C. 2743.48(A)(1)-(5) and this matter was timely filed.**

{¶5} In his assignment of error, Mr. Covender argues that he satisfied the "actual innocence" prong of R.C. 2743.48(A)(5), that his convictions were "vacated, dismissed, or reversed on appeal" as required by R.C. 2743.48(A)(4), and that his action with regard to Case. No. 94CR045912 was filed within the six-year statute of limitations applicable to a wrongful imprisonment claim.

{¶6} As an initial matter, we note that Mr. Covender indicates in his assignment of error that he challenges the trial court's denial of his motion for summary judgment. It is the duty of the appellant, not this Court, to present an argument demonstrating error on appeal. *Angle v. Western Reserve Mut. Ins. Co.*, 9th Dist. Medina No. 2729-M, 1998 WL 646548, *1. In

his brief, however, Mr. Covender does not articulate a specific argument in support this contention. *See* App.R. 16(A)(7). Accordingly, we disregard the portion of his assignment of error challenging the denial of his motion for summary judgment. *See* App.R. 12(A)(2). However, this does not affect our ability to review Mr. Covender's contention that the trial court erred in granting the State's motion for summary judgment and dismissing his amended complaint.

{¶7} Under Civ.R. 56(C), summary judgment is appropriate when:

(1) [no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293.

{¶8} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). However, our review on appeal involves "a different focus than the trial court." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, (1992). The trial court's decision is a part of the de novo review process and its reasoning and analysis for granting summary judgment are subject to appellate review. *Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341, ¶ 8. Although a de novo review means that we afford no deference to the decision of the trial court, this Court is unable to conduct a proper review of an award of

summary judgment when the movant asserts multiple arguments in favor of summary judgment and the trial court's entry provides no indication as to what it actually decided. *Id*. at ¶ 8.

{¶9} Here, the State presented three distinct arguments in support of its motion for summary judgment. The State argued that: (1) as it relates to Case. No. 94CR45912, Mr. Covender's wrongful imprisonment claim was filed outside of the statute of limitations; (2) neither of Mr. Covender's criminal convictions were "vacated, dismissed, or reversed on appeal" as required by R.C. 2743.48(A)(4); and (3) Mr. Covender cannot satisfy the actual innocence prong of R.C. 2743.48(A)(5). In addition to calling upon the trial court to resolve issues of law and determine the absence of factual issues, the State raised a statute of limitations argument that would not necessarily have disposed of the entire complaint. Despite the relative complexity of these issues, the trial court's judgment entry lacks any analysis or explanation for its decision to enter summary judgment. Aside from reciting the applicable Civ.R. 56 standard, the trial court gave no indication as to the basis for entering judgment in favor of the State.

{¶10} The lack of detail in the trial court's judgment entry left the parties "'unsure why the trial court rendered the decision it did'" and "'essentially forced [the parties] to simply refile their summary judgment motions'" in their briefs to this court. *CitiMortgage, Inc. v. Tillman*, 9th Dist. Lorain No. 17CA011090, 2018-Ohio-629, ¶ 10, quoting *Mourton*, at ¶ 9. Furthermore, the trial court's decision placed this Court "in the unfortunate position of being unable to provide meaningful review." *Id*. at ¶ 11, citing *Hunt v. Alderman*, 9th Dist. Summit No. 27416, 2015-Ohio-4667, ¶ 19. Consequently, we find that it is necessary to reverse and remand the matter so that the trial court can enter a decision sufficient to permit appellate review. *Id*.

5

III.

**{¶11}** The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CONCURS.

TEODOSIO, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

W. SCOTT RAMSEY, Attorney at Law, for Appellant.

DAVID YOST, Attorney General, and THOMAS E. MADDEN, Assistant Attorney General, for Appellee.