[Cite as *Ocwen Loan Servicing, L.L.C. v. McBenttes*, 2019-Ohio-4884.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

OCWEN LOAN SERVICING, LLC

    Appellee

    v.

OSCAR MCBENTTES, et al.

    Appellants

C.A. No.     29343

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2018-04-1632

DECISION AND JOURNAL ENTRY

Dated: November 27, 2019

TEODOSIO, Presiding Judge.

{¶1} Erin McBenttes and Oscar McBenttes appeal the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Ocwen Loan Servicing, LLC. We reverse and remand.

I.

{¶2} In April 2018, Ocwen Loan Servicing, LLC ("Ocwen"), filed a complaint in foreclosure against the McBentteses alleging default on a promissory note secured by the subject property. Ocwen moved for summary judgment on its complaint, to which the McBentteses responded in opposition, arguing in part that Ocwen had failed to meet a condition precedent of the mortgage by failing to conduct a face-to-face interview with the McBentteses. On February 20, 2019, the trial court granted Ocwen's motion for summary judgment and entered a decree of foreclosure. The McBentteses now appeal raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT THAT REMAINED IN DISPUTE REGARDING WHETHER THE BANK WAS EXEMPT FROM COMPLYING WITH [24 C.F.R.] 203.604(c)(2).

{¶3} In their assignment of error, the McBentteses argue the trial court erred in granting summary judgment because genuine issues of material fact remained in dispute as to whether Ocwen was exempt from complying with the requirements of 24 C.F.R. 203.604 (c)(2).

{¶4} Pursuant to 24 C.F.R. 203.604(b):

The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced * * *.

24 C.F.R. 203.604 (c)(2) goes on to provide: "A face-to-face meeting is not required if * * * [t]he mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either * * *."

{¶5} In their memorandum in opposition to Ocwen's motion for summary judgment, the McBentteses argued that Ocwen failed to comply with the requirements of 24 C.F.R. 203.604(b) because it did not conduct a face-to-face interview. The McBentteses further contended that this failure to comply with a condition precedent precluded summary judgment. In response, Ocwen argued that they were exempted from the requirement under 24 C.F.R. 203.604(c) because the mortgaged property was not within 200 miles of the mortgagee, its servicer, or a branch office of either.

{¶6}   In the affidavit of counsel attached in support of the McBentteses' motion for extension of time to respond to the motion for summary judgment, Attorney Bruce M. Broyles affirmed that he "used a number of internet map references which demonstrate[d] that the location of the Ocwen Loan Servicing, LLC office located at One Assurant Way in Springfield, Ohio is 175 miles from the mortgaged property."   In their memorandum in opposition to Ocwen's motion for summary judgment, the McBentteses contended: "The website of Plaintiff sets forth an address where borrowers can send insurance loss drafts to One Assurant Way Springfield Ohio 45505."   Attached to the memorandum was an unauthenticated printout captioned "CONTACT OCWEN" and showing an address for property insurance claims as:

Ocwen Loan Servicing , LLC
Insurance Loss Drafts
One Assurant Way
Springfield, OH  45505

{¶7}   Also attached were discovery responses regarding the address at One Assurant Way, including the following interrogatory:

Please state whether Ocwen Loan Servicing, LLC has an office located One Assurant Way in Springfield Ohio 45505.

Objection.  The request for discovery is vague and ambiguous, overbroad and unduly burdensome.  The discovery request is not likely to lead to admissible evidence, irrelevant to the subject matter of this action and not within the proper scope of discovery under Ohio Civ. R. 26(B).  Without waiving said objection, Ocwen Loan Servicing does not have its location or a branch office at that location.  The address is an address for the insurance team for processing insurance claims.  Plaintiff reserves the right to supplement this response.

The McBentteses argued that an issue of material fact existed as to whether the One Assurant Way address qualified as one of Ocwen's "branch offices" or "servicers" and that the trial court could take judicial notice of the fact that the address was within 200 miles of the subject mortgaged property, thereby potentially triggering the requirement for a face-to-face interview.

{¶8}    Although this Court reviews an award of summary judgment de novo, the trial court's judgment entry and reasoning are part of the de novo review process because, even though a reviewing court is not required to defer to the trial court's reasoning, the trial court's analysis may have a persuasive effect during appellate review.    *Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341, ¶ 6.  "Where a trial court's judgment is not sufficiently detailed, a reviewing court may be left in the unfortunate position of being unable to provide meaningful review." *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012–Ohio–2829, ¶ 19. "As a result, when the trial court fails to address a claim in the first instance, we are left with no choice but to reverse the judgment and remand the matter for the trial court to address it." *Wilmoth v. Akron Metro. Hous. Auth.*, 9th Dist. Summit No. 27746, 2016-Ohio-3441, ¶ 25.  *See Maurer v. Wayne Cty. Bd. of Cty. Commrs.*, 9th Dist. Wayne No. 14AP0039, 2015–Ohio–5318, ¶ 11 ("As we are a reviewing court, we will not consider issues relevant to the motion for summary judgment in the first instance.").

{¶9}    In its judgment entry, the trial court failed to address the argument advanced by the McBentteses regarding whether Ocwen, its servicer, or a branch office of either was within 200 miles of the subject property.  We are therefore unable to ascertain if the argument was considered by the trial court, or rejected after consideration by the court.  Because the trial court did not address this issue in its judgment entry, we are compelled to reverse and remand the matter to the trial court to consider the McBentteses' argument in the first instance. *See Maurer* at ¶ 11.

### III.

{¶10}  The judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CONCURS.

CALLAHAN, J.
DISSENTING.

{¶11} I share the majority's concern that the trial court did not acknowledge the McBentteses' argument in its order granting summary judgment and ordering foreclosure. The trial court's order omits information that would assist in this Court's review and, even more

compellingly, deprives the parties and their counsel of the benefit of the trial court's analysis of the issues at hand. Nonetheless, I must dissent because "[w]hile an analysis by the trial court might be helpful or persuasive, it certainly is not necessary for appellate review of a summary judgment decision." *CitiMortgage, Inc. v. Tillman*, 9th Dist. Lorain No. 17CA011090, 2018-Ohio-629, ¶ 15 (Callahan, J., dissenting). *See also Jones v. Carrols, LLC*, 9th Dist. Summit No. 28406, 2017-Ohio-7150, ¶ 11 (Callahan, J., dissenting).

{¶12} I respectfully dissent.

APPEARANCES:

BRUCE M. BROYLES, Attorney at Law, for Appellants.

WILLIAM L. PURTELL and JOHN R. WIRTHLIN, Attorneys at Law, for Appellee.