[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Wintermeyer,* Slip Opinion No. 2019-Ohio-5156.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-5156

THE STATE OF OHIO, APPELLANT, *v.* WINTERMEYER, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Wintermeyer,* Slip Opinion No. 2019-Ohio-5156.]**

*Criminal law—Fourth Amendment—When the state does not assert in the trial court that a defendant lacks Fourth Amendment standing to challenge a contested search or seizure, the state may not assert that argument in its own appeal from a judgment granting a motion to suppress—Court of appeals' judgment affirmed.*

(No. 2017-1135—Submitted January 30, 2019—Decided December 17, 2019.)

APPEAL from the Court of Appeals for Franklin County, No. 16AP-381, 2017-Ohio-5521.

_____

**DEWINE, J.**

{¶ 1} It has long been settled that a defendant who argues that he has been subjected to an unlawful search or seizure in violation of the Fourth Amendment to the United States Constitution bears the burden of establishing that his own Fourth

Amendment rights have been violated. (This concept is often referred to as Fourth Amendment standing.) It is also a familiar principle of law that a party who does not raise an issue in the trial court may not ordinarily raise that issue for the first time on appeal. The question before us involves the intersection of these two concepts.

{¶ 2} In this case, the state defended a motion to suppress in the trial court without ever asserting that the defendant lacked Fourth Amendment standing. It lost the motion to suppress and then sought to raise the Fourth-Amendment-standing issue for the first time on appeal. The court of appeals said that it could not do this. We have to decide whether the court of appeals was correct.

{¶ 3} We conclude that it was. When a defendant moves to suppress evidence on the grounds that a search or seizure violated his Fourth Amendment rights, the state may defend against that claim by challenging the defendant's standing to contest the admission of the evidence seized. Once the state raises the issue, the defendant must establish that he has a cognizable Fourth Amendment interest in the place searched or item seized. But when the state fails to dispute the defendant's standing in the trial court, it is foreclosed on appeal from attacking the trial court's judgment on those grounds. We therefore affirm the decision of the court of appeals.

## I. The motion to suppress drug evidence

{¶ 4} On a March evening in 2014, a Columbus police officer was investigating a vacant building with an open window for a possible burglary. While waiting for someone to arrive with a key to the building, the officer noticed two men—later identified as Justin Wintermeyer and Korey Carlson—walking through an alley toward a nearby house. The officer watched Wintermeyer go inside and then come back out and hand a small object to Carlson. Suspicious that he had just witnessed a drug transaction, the officer approached the men and shined a flashlight on them, illuminating a small plastic bag in Carlson's hand. The officer took the

bag from Carlson. Inside was a brown substance, which he thought to be heroin. After a drug test conducted at the scene confirmed the officer's suspicion, both Wintermeyer and Carlson were arrested for possession of drugs.

{¶ 5} Wintermeyer filed a motion to suppress the drug evidence against him, asserting in part that the evidence should be excluded because the officer had lacked a reasonable, articulable suspicion to detain him. During the hearing on the motion, the prosecutor confined his arguments to the reasonable-suspicion issue. He did not advance any argument that Wintermeyer lacked a protected privacy interest in the place searched or item seized. The trial court granted the motion to suppress, determining that the officer lacked a reasonable, articulable suspicion of criminal activity at the time he detained Wintermeyer.

{¶ 6} The state appealed and argued that Wintermeyer's detention did not provide a sufficient basis to allow Wintermeyer to challenge the admission of the evidence seized from Carlson. Noting that the state had not advanced that argument in the trial court and thus that the trial court had no opportunity to consider it, the Tenth District Court of Appeals concluded that the state was barred from raising the issue for the first time on appeal. 2017-Ohio-5521, 93 N.E.3d 397, ¶ 10. The Tenth District affirmed the trial court's judgment granting the motion to suppress. *Id.* at ¶ 47.

{¶ 7} We accepted the state's appeal on the following proposition of law:

> It is a defendant's burden to establish his or her standing to invoke the Fourth Amendment exclusionary rule. The State may therefore argue on appeal a defendant's failure to establish standing, even if it did not specifically raise the issue in the trial court.

*See* 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877.

## II. Fourth Amendment standing and the state's failure to contest it in the trial court

{¶ 8} The Fourth Amendment to the United States Constitution protects the people's right to privacy in their person, places, and things against government intrusion in the form of unreasonable searches and seizures. The claims in this appeal have been argued by the parties and examined by the lower courts solely under the federal Constitution. Because no one has advanced a claim under the Ohio Constitution, we must limit our analysis to the federal provision.

{¶ 9} Before we get into our analysis, it is important to clarify what we mean when we talk about Fourth Amendment standing. The concept is distinct from jurisdictional standing, which may never be waived. *See Byrd v. United States*, __ U.S. __, 138 S.Ct. 1518, 1530, 200 L.Ed.2d 805 (2018). Rather, the word "standing" in the Fourth Amendment context is merely "shorthand for capturing the idea that a person must have a cognizable Fourth Amendment interest in the place searched." *Id.*; *see also State v. Emerson*, 134 Ohio St.3d 191, 2012-Ohio-5047, 981 N.E.2d 787, ¶ 16. In other words, has the person claiming the constitutional violation " 'had his own Fourth Amendment rights infringed by the search and seizure which he seeks to challenge' "? *Id.* at 1526, quoting *Rakas v. Illinois*, 439 U.S. 128, 133, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Because Fourth Amendment standing is not a jurisdictional question, it need not be addressed before other aspects of a Fourth Amendment claim. *Id*. at 1530.

### A. The general rule is that new arguments may not be raised for the first time on appeal

{¶ 10} In arguing that it may raise a Fourth-Amendment-standing challenge for the first time on appeal, the state faces a significant hurdle. A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997); *see also State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d

379 (1960), paragraph one of the syllabus ("It is a general rule that an appellate court will not consider any error which counsel * * * could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court"). This contemporaneous-objection requirement imposes a duty on trial counsel " 'to exercise diligence and to aid the court rather than by silence mislead the court into commission of error.' " *State v. Williams*, 51 Ohio St.2d 112, 117, 364 N.E.2d 1364 (1977), *vacated in part on other grounds*, 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156, quoting *State v. Driscoll*, 106 Ohio St. 33, 39, 138 N.E. 376 (1922). Without such a requirement, counsel would be able "to place his client in a position where he could take advantage of a favorable verdict and, at the same time, avoid an unfavorable verdict merely because of an error of the trial judge that counsel made no effort to prevent * * * when such error could have been avoided." *Glaros* at 475.

{¶ 11} The state maintains that we should create an exception to this rule against raising new arguments on appeal. The state's argument is twofold. First, it advances the proposition that a defendant has an obligation to present evidence on Fourth Amendment standing in the trial court regardless of whether the state contests the defendant's standing in those proceedings. As a result, the state's argument continues, it may argue a lack of Fourth Amendment standing for the first time on appeal. This view finds little support in precedent.

B. SCOTUS and Fourth Amendment standing

{¶ 12} The Supreme Court of the United States has explained that once a defendant has alleged that his rights were violated by the challenged search or seizure, the state is entitled to defend against that claim by asserting that the defendant lacked a protected Fourth Amendment interest in the place searched or item seized. *Steagald v. United States*, 451 U.S. 204, 209, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981). In this situation, "[t]he proponent of [the] motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated

by the challenged search or seizure." *Rakas*, 439 U.S. at 130, 99 S.Ct. 421, 58 L.Ed.2d 387, fn. 1; *see also State v. Dennis*, 79 Ohio St.3d 421, 426, 683 N.E.2d 1096 (1997).

{¶ 13} The court has also consistently indicated that this burden on the defendant to demonstrate Fourth Amendment standing is triggered only when the government argues that the defendant lacks a protected privacy interest affected by the search or seizure. To challenge a search or seizure under the Fourth Amendment, the defendant "must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." *Jones v. United States*, 362 U.S. 257, 261, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), *overruled on other grounds*, *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Thus, the United States Supreme Court explained in *Jones* that "it is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he allege, *and if the allegation be disputed that he establish*, that he himself was the victim of an invasion of privacy." (Emphasis added.) *Id.*

{¶ 14} The United States Supreme Court reiterated that point in *Combs v. United States*, 408 U.S. 224, 226-228, 92 S.Ct. 2284, 33 L.Ed.2d 308 (1972). In that case, no evidence was presented during the suppression hearing regarding Fourth Amendment standing, nor was any argument made by the government contesting the defendant's standing. *Id.* at 226, fn. 3. The Sixth Circuit affirmed the denial of the defendant's motion to suppress on the basis that the defendant had not presented evidence that he had any interest in the premises searched. *Id.* at 226-227. The United States Supreme Court reversed and remanded for fact-finding on the standing issue, explaining that the defendant's failure to establish his Fourth Amendment standing was attributable to "the related failure of the Government to make any challenge in the District Court to petitioner's standing to raise his Fourth

Amendment claim." *Id.* at 227. Thus, in reversing the judgment of the Sixth Circuit, the Supreme Court necessarily rejected the notion that the defendant has an obligation to put on evidence of standing even when the government does not raise the issue.

{¶ 15} In *Rakas*, 439 U.S. at 130, 99 S.Ct. 421, 58 L.Ed.2d 387, fn. 1, the court referenced its decisions in *Jones* and *Combs*. The court cited *Jones* for the proposition that it is the proponent of the motion to suppress who has the burden of establishing that his own privacy rights had been infringed upon. *Rakas* at 130, fn. 1. But even so, the court adhered to the principle that the state must contest the defendant's standing in the trial court. In *Rakas*, the prosecutor had argued in the trial court that the defendants lacked standing to challenge the search. *Id.* The court explained that unlike in *Combs*—where the government had not challenged the defendant's standing—the fact that the prosecutor had raised the argument that the defendants lacked standing gave the defendants notice that they were to be "put to their proof" on that issue. *Id.*

{¶ 16} Finally, in *Steagald v. United States*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38, the court was presented with a belated standing argument made by the government in response to a defendant's appeal of a suppression ruling. The court reiterated that the onus is on the government to assert that a defendant lacked a Fourth-Amendment-standing interest:

> [T]he government was initially entitled to defend against petitioner's charge of an unlawful search by asserting that petitioner lacked a reasonable expectation of privacy in the searched home, or that he consented to the search, or that exigent circumstances justified the entry.

*Id.* at 209. And even though the suppression ruling was being challenged by the defendant and not the state on appeal, the court nevertheless determined that the government had lost the ability to argue lack of standing as a defense. *Id*. It explained that the government could "lose its right to raise factual issues of this sort when it has made contrary assertions in the courts below, when it has acquiesced in contrary findings by those courts, or when it has failed to raise such questions in a timely fashion during the litigation." *Id*.

{¶ 17} As these cases demonstrate, the United States Supreme Court has consistently treated Fourth Amendment standing as an issue that must be established by the defendant *if it is disputed by the state*.[1]

C.  Requiring Fourth-Amendment-standing issues to be raised in the trial court is consistent with our treatment of motions to suppress

{¶ 18} The approach taken by the United States Supreme Court is entirely consistent with the manner in which we have instructed trial courts to handle motions to suppress. A search conducted without a warrant is " 'per se unreasonable under the Fourth Amendment,' " and the state bears the ultimate burden of establishing that such a search falls into an exception to the warrant requirement. *State v. Kessler*, 53 Ohio St.2d 204, 207, 373 N.E.2d 1252 (1978),

---

1. The dissent asserts that the state at least partially raised the standing issue in the trial court by including a parenthetical reference to standing in its written response to Wintermeyer's motion to suppress. Thus, it would remand for the court of appeals to decide whether the state's failure to raise the standing issue at the suppression hearing amounted to a forfeiture of the issue and "if so, the impact, if any, the state's failure might have had on its ability argue this issue on appeal." (Emphasis omitted.) Dissenting opinion at ¶ 33. But this is not an issue that is properly before us. The state has not raised any such argument on appeal to this court. To the contrary, the proposition of law it advances is that it may argue a defendant's failure to establish standing on appeal "even if it did not specifically raise the issue in the trial court." Moreover, whether one characterizes what happened as waiver or forfeiture, the result is the same. The United States Supreme Court has never made a distinction between whether the government waived or forfeited a Fourth-Amendment-standing argument. Rather, it has simply said that the government could "lose its right" to raise issues of a defendant's Fourth Amendment standing when it has failed to raise them in a timely fashion. *Steagald*, 451 U.S. at 209, 101 S.Ct. 1642, 68 L.Ed.2d 38. Nor has this court ever applied that distinction to arguments raised by the prosecution on appeal.

quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 454-455, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Nonetheless, we have held that before the state is put to this burden, the defendant must assert the grounds upon which he intends to challenge the validity of the search. *Xenia v. Wallace*, 37 Ohio St.3d 216, 524 N.E.2d 889 (1988); *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 10. "By requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." *State v. Shindler*, 70 Ohio St.3d 54, 58, 636 N.E.2d 319 (1994).

{¶ 19} Similarly, when a defendant makes stipulations or narrows the issues to be decided at a suppression hearing, the prosecution need not "prove the validity of every aspect of the search." *State v. Peagler*, 76 Ohio St.3d 496, 500, 668 N.E.2d 489 (1996). Arguments not made by the defendant at the suppression hearing are, therefore, deemed to have been waived. *See Wallace* at 218.

{¶ 20} Thus, even with respect to issues for which the state has the burden of proof, we do not require the state to satisfy its burden on those issues unless they are challenged by the defendant. It follows, then, that the defendant need not be put to his burden of proof on issues that are not similarly disputed by the state. Noting that suppression arguments not made by defendants are waived, we have previously indicated that when the state likewise fails to contest the defendant's standing in the trial court, it may not thereafter assert that challenge on appeal. *State v. Morris*, 42 Ohio St.2d 307, 311, 329 N.E.2d 85 (1975).

{¶ 21} When a defendant files a motion to suppress on Fourth Amendment grounds, he is necessarily asserting that the government has violated his Fourth Amendment rights. When the government wishes to challenge that generalized assertion by arguing that the defendant lacks a possessory interest in the property searched or item seized, we think it incumbent on the government to do so in the

trial court so that the defendant has an opportunity to demonstrate the requisite Fourth Amendment standing.

{¶ 22} This rule makes sense from a substantive standpoint. Fourth Amendment standing is not jurisdictional in nature. *Byrd*, __ U.S. __, 138 S.Ct. at 1530, 200 L.Ed.2d 805. Consequently, it need not be decided at the outset of a hearing; rather, the trial court is free to consider substantive matters in any order it chooses—for example, the court may elect to decide the issue of probable cause or the applicability of an exception to a warrant requirement before reaching the question of standing (or without reaching the standing question at all). *Id.* at __, 1530-1531.

{¶ 23} Limiting suppression hearings to issues that are actually contested promotes judicial economy by ensuring that parties do not put on unnecessary evidence and that trial courts do not consider extraneous issues. Consider a defendant who has pled not guilty to a drug charge and filed a motion challenging the legality of the government's search or seizure. It would be a strange rule that would require such a defendant to begin the suppression hearing by putting on evidence that he did, in fact, possess the drugs, when no one is arguing to the contrary.

{¶ 24} And we see little sense in carving out a Fourth-Amendment-standing exception to our long-standing prohibition on raising new arguments on appeal. If there truly is a Fourth-Amendment-standing concern, it is far better for the issue to be developed in the trial court, where each side has the opportunity to put on evidence, than for a court of appeals to decide the matter in the first instance after the opportunity to develop evidence has passed. There is no need to turn suppression issues into a gotcha game, where the state may sit on its hands in the trial court and then pull out a surprise, standing card on appeal.

### III. Conclusion

{¶ 25} The proper balance is preserved by the rule that claims must be raised in the trial court in order to preserve them for review. Thus, when the state does not assert in the trial court that a defendant lacks Fourth Amendment standing to challenge a contested search or seizure, the state may not assert that argument in its own appeal from a judgment granting a motion to suppress. We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, J., concur.

DONNELLY, J., concurs, with an opinion.

STEWART, J., concurs in judgment only.

FISCHER, J., dissents, with an opinion joined by FRENCH, J.

_____

**DONNELLY, J., concurring.**

{¶ 26} I agree with the majority's reasoning and its disposition of the case, considering the sole proposition of law before this court. I write separately to stress that there is no good reason for that proposition of law to be before this court, given the clear errors in the reasonable-suspicion analyses employed by the courts below.

{¶ 27} In plain view, appellee, Justin Wintermeyer, went with Korey Carlson into an alley behind a residence. Wintermeyer briefly left Carlson, entered the residence, and then reemerged and handed something in a very small plastic bag to Carlson. It is conceivable that Wintermeyer handed Carlson a bag of cilantro seeds in the dark alleyway that night; nevertheless, it was profoundly reasonable for Officer Ryan Wise to have suspected that the small plastic bag contained narcotics.

{¶ 28} If there exist specific, articulable facts indicating that a person is involved in criminal activity, then a police officer may approach that person for purposes of investigating the possible criminal behavior. *Terry v. Ohio*, 392 U.S.

1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Officer Wise personally observed Wintermeyer's and Carlson's behavior and plainly viewed Wintermeyer hand Carlson a small plastic bag. Taken together, these circumstances justified an investigatory stop in order to verify the contents of the small plastic bag.

{¶ 29} Because the investigatory stop of Wintermeyer and Carlson was supported by reasonable suspicion, Wintermeyer's suppression motion should have been denied and the Fourth-Amendment-standing issue should have been moot. I recognize, though, that the reasonable-suspicion issue is not before us in this appeal. I further recognize that this court would rightfully decline to review such an issue given that it would involve error correction. In light of the limited scope of our review in this appeal, I concur.

_____

**FISCHER, J., dissenting.**

{¶ 30} Waiver is the " ' " 'intentional relinquishment or abandonment of a known right.' " ' " *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 20, quoting *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

{¶ 31} In this case, considering the record, I find it difficult and illogical to say that the state *intentionally relinquished* the right to argue that appellee, Justin Wintermeyer, lacked Fourth Amendment standing. Appellant, the state of Ohio, suggested that Wintermeyer lacked standing at the trial-court level via a citation to *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1987), followed by a parenthetical that read, "(Standing)" in its motion in opposition to Wintermeyer's motion to suppress. The state then renewed that very same argument on direct appeal. When an argument is raised, it logically cannot be waived.

**{¶ 32}** Thus, while the state may not have vociferously argued Wintermeyer's lack of standing at the suppression hearing, the state's failure, in my opinion, might more accurately be classified as a mere forfeiture rather than a waiver. *See Rogers* at ¶ 21 ("forfeiture is the failure to timely assert a right or object to an error").

**{¶ 33}** Accordingly, with waiver and forfeiture being substantially different under Ohio law, I would reverse the judgment of the Tenth District Court of Appeals, which is based on the conclusion that the state waived—that is, *intentionally relinquished*—its Fourth-Amendment-standing argument, and I would remand the cause for further proceedings on the issue of whether the argument was forfeited and if so, the impact, if any, the state's *failure* might have had on its ability argue this issue on appeal.

**{¶ 34}** I therefore must respectfully dissent.

FRENCH, J., concurs in the foregoing opinion.

————————————

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellant.

Blake Law Firm Co., L.L.C., and Dustin M. Blake, for appellee.

————————————