[Cite as *Fayak v. Univ. Hosps.*, 2020-Ohio-5512.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

AMANDA FAYAK, :

    Plaintiff-Appellant, : No. 109279

    v. :

UNIVERSITY HOSPITALS, ET AL., :

    Defendants-Appellees. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 3, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-898337

## *Appearances:*

Stephen W. Gard and David Glenn Phillips, *for appellant.*

Lewis, Brisbois, Bisgaard & Smith, L.L.P., David A. Campbell and Donald G. Slezak, *for appellees.*

SEAN C. GALLAGHER, J.:

**{¶ 1}** Plaintiff-appellant Amanda Fayak ("Fayak") appeals the trial court's decision that granted summary judgment in favor of defendants-appellees University Hospitals, et al.[1] (hereinafter "the defendants"). Upon review, we affirm.

**Background**

**{¶ 2}** Fayak is a former employee of University Hospitals Police Department. She was employed from December 2013 until her discharge in June 2016 after an extended leave of absence. The employment application completed by Fayak includes a provision that reads: "I agree that any claim or lawsuits relating to my service with University Hospitals or any of its subsidiaries or affiliates must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary." The employment application was submitted with her typewritten name, which represented her electronic signature according to the application.

**{¶ 3}** Fayak alleges that from December 2013 through November 2014 and from March to April 2015 she was subjected to gender discrimination, disparate treatment, sexual harassment, a hostile work environment, and retaliation and that this conduct affected her ability to perform her job. Fayak also alleges that she suffered from stress and anxiety and had panic attacks. She took a medical leave of

---

[1] University Hospitals is misnamed in the complaint and is known as University Hospitals Health System, Inc. The other defendants-appellants in the action are Ronald Dziedzicki, Allison Kennedy, Vareie Jaggie, Lt. Philip Rinehardt, Ante Cacic, Abur-Rahim Nabeeh, Robert Hersey, and Matt Suster.

absence from December 11, 2014, to March 9, 2015, during which time she was hospitalized or otherwise under the care and treatment of University Hospitals. She claims that during this time, her private medical information was disclosed to members of the University Hospitals Police Department without her consent.

{¶ 4} Shortly after her return to work, Fayak took a lengthy leave of absence beginning on April 23, 2015, until her eventual discharge in June 2016. Fayak does not allege any discriminatory, harassing, or retaliatory conduct occurred after April 23, 2015. Fayak submitted a form signed by her physician certifying her inability to work and indicating she would be unable to work for University Hospitals until July 1, 2015. Despite requests from University Hospitals, Fayak provided no further documentation to support her continued leave of absence. University Hospitals terminated her employment via letter on June 28, 2016, for the stated reason that Fayak was "on an unauthorized/unapproved leave since July 2, 2015" and had "not provided any further information * * * to support a continued leave of absence."

{¶ 5} Following her discharge, Fayak filed an initial complaint on September 19, 2016, but subsequently the case was voluntarily dismissed without prejudice. *See* Cuyahoga C.P. No. CV-16-869216 (voluntarily dismissed May 31, 2017). On February 2, 2017, Fayak refiled this action against University Hospitals, two employees of University Hospitals, and several individual members of the University Hospitals Police Department. The individuals named as defendants in the refiled action had not been named as defendants in the previous complaint. The

refiled complaint raises claims for "gender discrimination, disparate treatment & hostile work environment" in violation of R.C. Chapter 4112, "gender discrimination, sexual harassment & hostile work environment" in violation of R.C. Chapter 4112, "retaliation & hostile environment based on retaliation" in violation of R.C. Chapter 4112, invasion of privacy, and intentional infliction of emotional distress.

{¶ 6} The defendants filed a Civ.R. 12(B)(6) motion to dismiss that was denied by the trial court. Following further proceedings, the defendants filed a motion for summary judgment. Among other arguments, the defendants argued that Fayak's claims raised in the refiled complaint are barred by the six-month limitations period in her employment application and that the latest possible date she could allege any wrongdoing based upon her employment was her discharge date of June 28, 2016. The defendants further argued that Fayak failed to comply with University Hospitals' leave policies, that she was terminated for failing to provide University Hospitals with requested leave documents and extending her leave beyond University Hospitals' maximum leave policy, and that Fayak's claims were otherwise unsupported by the record or failed as a matter of law.

{¶ 7} Fayak filed a brief in opposition in which she described the conduct underlying her claims. She argued that her claims were not barred by the applicable limitations period, that her initial complaint had been filed less than six months after her termination, and that her refiled complaint was filed within the one-year

savings statute. She proceeded to argue the merits of her claims. She did not challenge the legitimacy of her discharge.

{¶ 8} In their reply brief, the defendants claimed that Fayak did not argue that her termination from employment was unlawful and that no unlawful conduct was alleged to have occurred later than April 23, 2015. Therefore, the defendants raised the argument that the original complaint was filed beyond the six-month limitations period contained in Fayak's employment application. The defendants further argued against each of Fayak's claims. Additionally, the defendants filed a motion to strike portions of Fayak's affidavit that was filed in support of her brief in opposition.

{¶ 9} Fayak filed a motion for leave to file a response to the defendants' reply brief, stating in part that the defendants had asserted a new argument in their reply that was not set forth in the dispositive motion. The trial court granted this motion.

{¶ 10} On November 7, 2019, the trial court granted the defendants' motion for summary judgment. The trial court observed that "Fayak does not dispute the validity of the limitations period, only the Defendants' contention that her claims are untimely under [the contractual] provision." The trial court proceeded to find that Fayak's claims were barred by the six-month contractual limitations period in her employment application. The trial court recognized that the defendants had first raised the issue that the original complaint that was filed was untimely in their reply

brief, but found the issue was properly before the court because it had permitted Fayak to file a surreply brief. The trial court proceeded to find as follows:

All the events that constitute [Fayak's] claims occurred prior to her last date of active employment on April 23, 2015, when she began her medical leave. Therefore, there is no genuine dispute of material fact that the original complaint filed on September 19, 2016 was well outside the original six-month limitation period.

* * * Although Fayak has presented evidence that her working environment caused her stress-related medical leave, she has not presented evidence that any of the events that occurred prior to April 23, 2015 was the ultimate cause of her termination.

The Defendants have provided evidence that the cause of Fayak's termination was because she failed to provide documentation to support her continued leave, and that in fact, her leave was unauthorized as of July 1, 2015. Fayak has not presented any evidence to demonstrate that this termination occurred for any other reason. * * *

Because there are no facts causally connecting Fayak's termination to any of the actions that constituted the hostile work environment or intentional infliction of emotion distress, there is no genuine dispute of material fact that the events giving rise to Fayak's claims all arose prior to April 23, 2015. Therefore, she would need to have filed her original suit within six months of that date at the latest to remain within the contractual limitations period. Although neither party specifically states the date of the invasion of privacy claim, it is clear from the evidence that this event occurred before her medical leave began in April 2015, and therefore is barred under the limitations period.

{¶ 11} Having found the contractual limitations period barred the action, the trial court did not address the merits of any of the claims. The trial court also deemed moot the motion to strike that had been filed by the defendants. Fayak timely filed this appeal.

**Law and Analysis**

{¶ 12} Appellate review of summary judgment is de novo, governed by the standards set forth in Civ.R. 56. *Argabrite v. Neer*, 149 Ohio St.3d 349, 2016-Ohio-8374, 75 N.E.3d 161, ¶ 14. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and [3] viewing the evidence in the light most favorable to the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Id.*, citing *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, ¶ 12. Once the moving party has satisfied its initial burden of identifying specific facts in the record that demonstrate an entitlement to summary judgment under Civ.R. 56, the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. *Crenshaw v. Cleveland Law Dept.*, 8th Dist. Cuyahoga No. 108519, 2020-Ohio-921, ¶ 33, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

{¶ 13} Fayak raises three assignments of error for our review. We begin with the first and second assignments of error. Under her first assignment of error, Fayak claims the trial court erred by failing to hold invalid the six-month limitations period in her employment application. Under her second assignment of error, she argues that the reasonableness of this provision is a matter for the jury to resolve.

{¶ 14} The defendants assert that Fayak did not challenge the validity, application, or reasonableness of the six-month limitations period at the trial court

level and has waived those arguments on appeal. "A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below." *State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, 145 N.E.3d 278, ¶ 10, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 1997-Ohio-401, 679 N.E.2d 1099; *see also Davis v. Cleveland*, 8th Dist. Cuyahoga No. 99187, 2013-Ohio-2914, ¶ 15. Although motions for summary judgment are reviewed de novo, the parties are not given a second chance to raise arguments that should have been raised below. *Gardi v. Bd. of Edn.*, 8th Dist. Cuyahoga No. 99414, 2013-Ohio-3436, ¶ 27, citing *Hamper v. Suburban Umpires Assn.*, 8th Dist. Cuyahoga No. 92505, 2009-Ohio-5376, ¶ 27; *see also S.A.S. v. Wellington School*, 10th Dist. Franklin No. 19AP-305, 2020-Ohio-4478, ¶ 39.

{¶ 15} Arguably, Fayak has waived the challenges presented. However, we recognize that Fayak did argue in the trial court that her claims were not barred by the applicable limitations period. Also, the trial court ultimately found the limitations period in her employment application barred her claims. Therefore, we shall afford some leeway and consider whether the six-month limitations period in the employment application is enforceable against her claims.

{¶ 16} Fayak argues that defendants first raised the argument that her original complaint was not timely filed in their reply brief and that they should not be permitted to obtain summary judgment by ambush. Although Fayak contends that she filed a motion to strike the new argument on September 6, 2019, the docket reflects that she filed a "motion for leave to file a response to defendants' reply to

their dispositive motion." In that motion, she requested that the new argument be stricken from the reply. Rather than striking the new argument, the trial court exercised its discretion and granted her motion for leave to file a response. The trial court addressed this in its opinion and found no prejudice occurred because the trial court granted Fayak's motion for leave to file a response to the arguments raised in the reply brief. While it is generally improper to raise a new issue in a reply brief, as Ohio courts have held: "[W]hen a new argument is raised in a reply, the proper procedure is to strike the reply or, alternatively, to allow the opposing party to file a surreply." *Deutsche Bank Natl. Trust Co. v. Ayers*, 11th Dist. Portage No. 2019-P-0094, 2020-Ohio-1332, ¶ 49, citing *Hicks v. Cadle Co.*, 2016-Ohio-4728, 66 N.E.3d 1255, ¶ 18 (11th Dist.), quoting *Baker v. Coast to Coast Manpower, L.L.C.*, 3d Dist. Hancock No. 5-11-36, 2012-Ohio-2840, ¶ 35. Therefore, the trial court followed the correct procedure, all parties had the opportunity to address the issue, and the trial court was permitted to consider the argument.

{¶ 17} On appeal, Fayak challenges the validity of the shortened limitations period as applied to actions brought pursuant R.C. Chapter 4112. In this case, Fayak's application for employment contains a clause under which she agreed that any claim or lawsuits relating to her service with University Hospitals was required to be filed "no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit." Fayak argues that this provision is void and unenforceable. We do not agree.

{¶ 18} Under Ohio law, it has been held that "[g]enerally, in the absence of a controlling statute to the contrary, *a provision in a contract may validly limit, as between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one.*" (Emphasis sic.) *Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 632, 635 N.E.2d 323 (1994), quoting *Order of United Commercial Travelers v. Wolfe*, 331 U.S. 586, 608, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947); *see also Globe Am. Cas. Co. v. Goodman*, 41 Ohio App.2d 231 and 237, 325 N.E.2d 257 (8th Dist.1974). Further, a shortened limitations period contained in an application for employment can bar claims that are untimely filed. *Fry v. FCA US L.L.C.*, 2017-Ohio-7005, 143 N.E.3d 1108 (6th Dist.), appeal not allowed, 2018-Ohio-723, 92 N.E.3d 880 (claims for disability discrimination, wrongful termination, failure to provide a reasonable accommodation, and intentional infliction of emotional distress were barred by 180-day limitation period in employment application). As the defendants argue, courts have held that a six-month contractual limitations period is enforceable for employment-related claims and is not inherently unreasonable. *See Maxwell v. Univ. Hosps. Health Sys., Inc.*, Cuyahoga C.P. No. CV-15-840036 (Apr. 28, 2017); *Terry v. Cent. Transport, Inc.*, N.D. Ohio No. 1:09 CV 2432, 2011 U.S. Dist. LEXIS 83454, 18 (July 29, 2011); *Hoskins v. DaimlerChrysler Corp.*, N.D. Ohio No. 3:03cv338, 2005 U.S. Dist. LEXIS 45418, 13-14 (Mar. 30, 2005); *Thurman v. DaimlerChrysler Corp.*, 397 F.3d 352, 357 (6th Cir.2004) (finding a 180-day contractual period of limitations set forth

in a job application was reasonable and barred state law discrimination claims as well as federal race discrimination claims brought under Section 1981).

{¶ 19} Fayak's argument against the enforcement of the shortened limitations period relies on federal case law governing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. In *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824 (6th Cir.2019), the Sixth Circuit held that "contractual clauses that purport to shorten the limitation period of Title VII to bring suit are not enforceable." *Id.* at 833. Fayak argues that Chapter 4112 of the Ohio Revised Code is intended to operate in tandem with Title VII and that *Logan* should be applied to claims brought pursuant to Title VII as well as R.C. Chapter 4112. In *Logan*, the Sixth Circuit recognized that Title VII "creates a uniform, nationwide system" for resolving claims of employment discrimination and that adopting state-law contract principles would result in similarly situated plaintiffs in different states having different rights in the enforcement of "wholly federal claims in federal courts." *Id.* at 832-833. *Logan* was limited to Title VII claims and has not been applied to state-law claims. *See Harwood v. N. Am. Bancard L.L.C.*, E.D.Mich. No. 18-cv-12567, 2020 U.S. Dist. LEXIS 75516, 34-35 (Apr. 29, 2020) (applying *Logan* to Title VII claims, but enforcing shortened limitations period against claims under Michigan's Elliot-Larsen Civil Rights Act).

{¶ 20} Nonetheless, Fayak argues that the Supreme Court of Ohio has recognized that the law governing Title VII lawsuits is generally applicable to lawsuits involving alleged violations of R.C. Chapter 4112. *See Hampel v. Food*

*Ingredients Specialties*, 89 Ohio St.3d 169, 175, 2000-Ohio-128, 729 N.E.2d 726); *Little Forest Med. Ctr. v. OCRC*, 61 Ohio St.3d 607, 609-610, 575 N.E.2d 1164 (1992). However, in *Logan*, the court distinguished application of a contractual limitations period when a general statute of limitations is involved, such as under 42 U.S.C. Section 1983, from the limitations periods of Title VII "that requires application of those statutorily prescribed limitations periods rather than allowing contractual limitations periods." *Id.* at 834. As stated in *Logan*, "[i]n situations where only a general limitation period applied, such as ERISA and § 1981, we have allowed the limitation period to be contractually altered." *Id.* at 831. Therefore, *Logan* has no application to Fayak's claims under Ohio law.

{¶ 21} Ohio courts have applied shortened contractual limitations periods to employment discrimination claims. *See Fry* at ¶ 12 and 27; *Maxwell*. Further, courts in other jurisdictions have held that a six-month limitations period within an employment application is not unreasonable or against public policy under state law. *See Evans v. Canal St. Brewing Co. L.L.C.*, E.D.Mich. No. 18-cv-12631, 2019 U.S. Dist. LEXIS 57857, 15 (Apr. 4, 2019) (Michigan law); *Walker v. TA Operating L.L.C.*, W.D.Ark. No. 4:14-cv-4055, 2016 U.S. Dist. LEXIS 49647 (Apr. 13, 2016) (Arkansas law); *Thurman*, 397 F.3d at 357-359 (Michigan law); *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1044-1045 (9th Cir.2001) (California law); *Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1206 (7th Cir.1992) (Illinois law); *Morgan v. Fed. Express Corp.*, 114 F.Supp.3d 434, 444 (S.D. Tex.2015) (Texas law); *Vega v. Fed. Express Corp.*, No. 09 CIV 07637, 2011 U.S. Dist. LEXIS 111531, (S.D.N.Y.

Sept. 29, 2011) (New York law); *Badgett v. Fed. Express Corp.*, 378 F.Supp.2d 613, 623 (M.D.N.C.2005) (North Carolina law). Likewise, we find that the six-month limitations period in Fayak's employment application is reasonable and enforceable under Ohio law.

{¶ 22} Insofar as Fayak attempts to challenge whether she agreed to the limitations provision in her employment application as well as the language of the provision, she did not raise these or her related arguments in the trial court. Here, we apply the "familiar principle of law that a party who does not raise an issue in the trial court may not ordinarily raise that issue for the first time on appeal." *Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, 145 N.E.3d 278, at ¶ 1. However, we note that in *Fry* it was found that an application for employment constituted an offer upon its presentation and that "[w]hen appellant executed the application, his acceptance of the offer was complete, and the agreement was formed." *Id.* at ¶ 18. Fayak does not state in her affidavit that she did not read and understand the employment application. Although she now claims on appeal that she did not agree to be bound by the arbitration clause and asserts there is no evidence as to who typed her name on the employment application, she never disputed that she submitted the employment application, which in addition to her typed name that "represent[s] your electronic signature" also provided her social security number and driver's license number. Arguably, she was responsible for reviewing the application and consented to the terms by submitting the online

application with her electronic signature. However, these arguments were not raised in the trial court.

{¶ 23} Fayak's first and second assignments of error are overruled.

{¶ 24} Under her third assignment of error, Fayak argues that there are genuine issues of material fact as to the date the limitations period began to run and whether the grounds for her employment termination were pretextual.

{¶ 25} Fayak argues that Ohio's savings statute, R.C. 2305.19, should apply to her claims because this is a refiled action. However, the individual defendants were not parties to the 2016 lawsuit, and we agree with the trial court's determination that "there is no genuine dispute of material fact that the events giving rise to Fayak's claims all arose prior to April 23, 2015." Therefore, the original action was untimely.

{¶ 26} While Fayak claims that there exist material issues of fact as to the date the limitations period began to run and whether the grounds for her termination were pretextual, these issues were not raised in the trial court. Our review reflects that Fayak was on a 14-month leave of absence prior to her discharge on June 28, 2016. No adverse conduct is alleged to have occurred during her leave of absence. The defendants presented evidence to show that Fayak's leave of absence was unauthorized as of July 1, 2015 and that she was terminated because she failed to provide documentation to support her continued leave of absence. Fayak offered no evidence to demonstrate her termination was for any other reason. In her brief in opposition to summary judgment, she conceded she was unable to

return to work at the expiration of her leave of absence. However, she provided no medical documentation to support her unauthorized leave of absence to University Hospitals. We agree with the trial court that there are no facts causally connecting Fayak's termination to any of her claims. We find no genuine issue of material fact to exist.

{¶ 27} We will not consider the remaining arguments that are being raised for the first time on appeal. We overrule Fayak's third assignment of error.

{¶ 28} Finally, we are mindful that the trial court granted summary judgment solely for the reason that Fayak's claims were untimely filed under the contractual limitations period. We certainly understand the gravity of the claims that have been raised. However, under Ohio law, the shortened limitations period is enforceable against Fayak's claims. The trial court did not consider the merits of the claims or other issues in ruling on the motion for summary judgment. Issues raised in summary judgment motions that are not considered by the trial court should not be determined by an appellate court in the first instance. *Meekins v. Oberlin*, 8th Dist. Cuyahoga No. 106060, 2018-Ohio-1308, ¶ 24-26; *Ocwen Loan Servicing, L.L.C. v. McBenttes*, 9th Dist. Summit No. 29343, 2019-Ohio-4884, ¶ 8; *Montville Lakes Cluster Homeowners Assn. Phase One v. Montville Lakes Homeowners Assn.*, 9th Dist. Medina No. 16CA0082-M, 2017-Ohio-7920, ¶ 17. "The better practice is to allow the trial court to analyze the evidence in the first instance." *Browne v. Artex Oil Co.*, 158 Ohio St.3d 398, 2019-Ohio-4809, 144 N.E.3d 378, ¶ 18; *see also Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360,

1992-Ohio-95, 604 N.E.2d 138. ("[T]he trial court's function cannot be replaced by an 'independent' review of an appellate court.")  Therefore, we decline to consider any arguments that were not addressed by the trial court in the first instance.

{¶ 29} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR