[Cite as *Cerny v. Andrews*, 2025-Ohio-2864.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FRED CERNY, ET AL.,                          :

    Plaintiffs-Appellees,          :

                                 No. 114529

    v.                             :

SCOTT ANDREWS, ET AL.,                       :

    Defendants-Appellants.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 14, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-101855

---

### *Appearances:*

Kim and Associates, LLC, and Edward A. Proctor, *for appellees.*

Fortney Law, LLC, and Michael R. Fortney, *for appellants.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendants-appellants Scott Andrews ("Andrews"), Heroscout, Ltd. ("Heroscout"), and Packard American Motor Company, Ltd. ("Packard") (collectively known as "Appellants") appeal from the trial court's judgment entry

awarding plaintiffs-appellees Fred Cerny ("Cerny") and Kenneth Spero's ("Spero") (collectively known as "Appellees") enforcement of a settlement agreement ("agreement") and cognovit note executed by Andrews, pursuant to the agreement, for the amount $465,000. The provision of the agreement from which the cognovit note derives is a liquidated-damages provision. To the extent that the trial court treated the cognovit note as anything other than a liquidated-damages provision, the trial court's judgment on that issue is reversed. The trial court did not make any determination with respect to whether this liquidated-damages provision is an unenforceable penalty as alleged by Appellants. As such, we remand this case back to the trial court so the trial court may determine, in the first instance, whether the liquidated-damages provision of the agreement from which the cognovit note was created is an enforceable liquidated-damages provision or an unenforceable penalty.

## Procedural History and Relevant Facts

### A. Complaint

{¶ 2} On August 7, 2024, Appellees filed a complaint against Appellants. The complaint alleged that in spring of 2021, Andrews began soliciting investors for the company known as Heroscout. Andrews marketed the company as being "able to provide truly secure email services impervious to corruption or hacking, including by governmental agencies." In 2021, Spero invested a total of $100,000 in Heroscout and Cerny invested $50,000.

{¶ 3} The complaint alleged that at no time did Andrews or Heroscout provide an accounting of the capital raised, nor were Cerny or Spero ever provided

with financial reports or annual accountings, even though Andrews promised to provide them. The complaint alleged that "Andrews absconded with all Heroscout's investment money and funneled it to Packard Motors[.]"

{¶ 4} In April 2024, Andrews offered to buy out the minority shareholders. The complaint alleged that the agreed deadline for the buyout was August 4, 2024. The buyout was not effectuated by the agreed-upon date. On August 7, 2024, Appellees filed the above complaint in the Cuyahoga County Court of Common Pleas, seeking "actual damages in excess of $150,000, attorneys' fees, punitive damages, an accounting, and the appointment of a receiver over Heroscout." The complaint contained multiple counts, including breach of fiduciary duty, multiple counts of fraud, an accounting and demand for books and records, constructive trust, request for receiver over Heroscout, and breach of contract.

**B. Agreement and Cognovit Note**

{¶ 5} Two days after the complaint was filed, Appellees entered into the agreement with Appellants. Pursuant to the agreement, Appellants promised to pay Appellees a total of $215,000 ("settlement amount") by August 16, 2024. The payment was personally guaranteed by Andrews. The agreement also contained two alternative provisions that Appellees could enforce should Appellants fail to pay the settlement amount as set forth in paragraphs 2 and 3 of the agreement. The agreement provided:

> 2. Should [Appellants] not pay the Settlement amount as described above, [Appellees] shall be entitled to $250,000 liquidated damages

from [Appellants] (jointly and severally) in the Litigation. This remedy shall be exclusive to the remedies set forth below.

3. Alternatively to Paragraph 2 above (and concurrent with this Agreement), Heroscout and Andrews shall jointly and severally execute a $465,000 cognovit note in favor of [Appellees], substantially in the form as provided in Exhibit A ("Cognovit"). The Cognovit shall ONLY be enforceable if the Settlement Amount is not paid as set forth above and if [Appellees] don't exercise their liquidated damages option set forth in Paragraph 2 above. Upon payment of the Settlement Amount as set forth above, [Appellees] shall certify by affidavit that they have destroyed the Cognovit, and that same is no longer valid or enforceable.

{¶ 6} Concurrent with the agreement, Andrews executed a cognovit note for the total sum of $465,000 to be paid jointly and severally to Appellees.

## C. Motion to Enforce Agreement

{¶ 7} Appellant failed to deliver the settlement amount to Appellees by August 16, 2024, as set forth in the agreement. On August 21, 2024, Appellees filed a motion to enforce the agreement, requesting the trial court to issue an order entitling Appellees to be awarded $465,000, attorney fees, and post-judgment interest at the statutory rate.

{¶ 8} On September 11, 2024, Appellants filed a motion for declaratory judgment, asking the court to find that the liquidated-damages clause and cognovit note were unenforceable penalty provisions. On September 16, 2024, Appellees responded, arguing that the liquidated-damages clause is not an unenforceable penalty. With respect to the cognovit note, Appellees argued that Appellants waived all defenses, except for payment, concerning the cognovit note.

{¶ 9} A hearing was held on September 26, 2024. At the hearing, Appellees requested enforcement of paragraph 3 of the agreement and cognovit note. Andrews testified that he entered into the agreement with Appellees. He testified that he was bound by the terms of the agreement. With respect to the cognovit note, Andrews testified that he did sign the cognovit note. He testified that he had concerns with the additional $250,000 set forth in the agreement but signed it anyway on the recommendation of his attorney at the time, Joshua Berger ("Berger").

{¶ 10} Berger also testified at the hearing. He testified that he told Andrews that, with respect to the liquidated-damages provision, he "thought it was a terrible idea and that it didn't belong in a settlement agreement such as this." Berger testified that Andrews signed it anyway, stating that he just wanted to get it done.

{¶ 11} At the conclusion of the hearing, Appellees' attorney argued that the terms of the agreement were clear and unambiguous and signed by Andrews and, therefore, he was bound. Appellants' attorney argued that the liquidated-damages clause and, by extension, the cognovit note were unenforceable penalties set forth in the agreement.

{¶ 12} On October 2, 2024, the trial court issued an order granting Appellees' motion to enforce settlement. The court ordered the cognovit note of $465,000 to be enforced against Andrews and Heroscout.[1] The court also denied Appellants'

---

[1] The trial court also ordered the parties to file a consent judgment entry against Packard in the amount of $215,000, which the parties filed on October 15, 2024.

motion for declaratory judgment alleging that portions of the agreement and cognovit note were unlawful. As such, the trial court did not determine whether paragraph 3 of the agreement from which the cognovit note derived was an enforceable liquidated-damages provision or whether it was an unenforceable penalty.

## D. Notice of Appeal

{¶ 13} On November 6, 2024, Appellants filed a notice of appeal of the trial court's October 2, 2024 judgment entry enforcing the agreement.[2] Appellant presents the following assignments of error for our review:

1. The trial court erred when it awarded $465,000 as damages against Heroscout, Ltd. and Scott Andrews pursuant to the settlement agreement, and when the trial court denied Appellant's motion for declaratory judgment, when the settlement agreement at issue contained an illegal and unenforceable penalty provision.

2. The trial court erred when it awarded $465,000 as damages against Heroscout, Ltd. and Scott Andrews pursuant to the cognovit note, when the cognovit note and liquidated damages provisions were two separate and distinct remedies available to Appellees, but not available simultaneously or jointly and severally with each other.

3. The trial court erred when it awarded $465,000 as damages against Heroscout, Ltd. and Scott Andrews pursuant to the cognovit note, when the cognovit note is an illegal contract because it acts as a security interest on an illegal and unenforceable liquidated damages provision.

---

[2] The clerk of courts failed to note service of the trial court's October 2, 2024 judgment entry on the docket. Therefore, pursuant to App.R. 4(A)(3), the time to appeal was tolled. As a result, Appellant's notice of appeal was timely filed.

**Law and Argument**

**{¶ 14}** Appellants' three assignments of error are intertwined, relying on the same facts and legal arguments. As such, we will address them together. In sum, Appellants contend that the liquidated-damages provision set forth in the agreement and enforced through the executed cognovit note is "an illegal and unenforceable penalty provision, disguised as a liquidated damages provision." Appellees responded asserting that the enforcement of the cognovit note is a provision of the agreement, separate and apart from the liquidated-damages clause, and that Appellants' arguments concerning liquidated damages are irrelevant.

### A. Standard of Review

**{¶ 15}** We begin our analysis by recognizing that "[a] settlement agreement is governed by contract law." *Pollock v. Trustar Funding, L.L.C.,* 2019-Ohio-3272, ¶ 36 (8th Dist.), citing *Turoczy Bonding Co. v. Mitchell,* 2018-Ohio-3173, ¶ 16 (8th Dist.). Therefore, the "basic principles of contract law apply." *Schalmo Builders, Inc. v. Zama,* 2008-Ohio-5879, ¶ 15 (8th Dist.), citing *Rulli v. Fan Co.,* 1997-Ohio-380. Whether a particular clause in a contract constitutes liquidated damages or an unenforceable penalty is a question of law that we review de novo. *Hawken School v. Machado,* 2024-Ohio-1060, ¶ 48 (8th Dist.), citing *Lake Ridge Academy v. Carney,* 66 Ohio St.3d 376, 380 (1993).

### B. Applicable Law Concerning Liquidated Damages

**{¶ 16}** Liquidated damages are damages that parties stipulate to in anticipation of actual damages that the parties reasonably believe may occur if a

party breaches their duty under the contract. *Boone Coleman Constr., Inc. v. Piketon,* 2016-Ohio-628, ¶ 11 ("Simply stated, liquidated damages are damages that the parties to a contract agree upon, or stipulate to, as the actual damages that will result from a future breach of the contract."), citing *Sheffield-King Milling Co. v. Domestic Science Baking Co.,* 95 Ohio St. 180, 183 (1917). """The effect of a clause for stipulated damages in a contract is to substitute the amount agreed upon as liquidated damages for the actual damages resulting from breach of the contract, and thereby prevents . . . a controversy between the parties as to the amount of damages.""" *Boone Coleman* at ¶ 12, quoting *Dave Gustafson & Co., Inc. v. South Dakota,* 83 S.D. 160, 164 (1968), quoting 22 American Jurisprudence 2d, Damages, Section 235, at 321. As a result, "parties are free to enter into contracts that contain provisions that apportion damages in the event of default." *Lake Ridge Academy* at 381.

{¶ 17} This court recognizes the right to contract as fundamental in our society. *See Harmon v. Haehn,* 2011-Ohio-6449, ¶ 46 (7th Dist.) (recognizing that "Ohio law considers the freedom to contract as fundamental to our society as the right to speak without restraint."), citing *Nottingdale Homeowners' Assn., Inc. v. Darby,* 33 Ohio St.3d 32, 36 (1987). But this right is not absolute. There are certain limitations placed on parties with respect to liquidated, or stipulated, damages for public policy reasons, such as when the damages stipulated to constitute a penalty. *Lake Ridge Academy* at 381. The Supreme Court of Ohio has explained:

Because the sole purpose of contract damages is to compensate the nonbreaching party for losses suffered as a result of a breach, "[p]unitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable." 3 Restatement of the Law 2d, Contracts (1981) 154, Section 355. "Punishment of a promisor for having broken his promise has no justification on either economic or other grounds and a term providing such a penalty is unenforceable on grounds of public policy." *Id.* at 157, Section 356, Comment *a.*

*Id.* In short, the parties may provide in advance for damages to be paid as a result of a breach, "but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty." Restatement of the Law 2d, Contracts, § 356 (1981). Such "provisions that [provide] for amounts that are 'manifestly inequitable and unrealistic' are deemed to be unenforceable penalties." *Boone Coleman* at ¶ 19, quoting *Samson Sales, Inc. v. Honeywell, Inc.*, 12 Ohio St.3d 27 (1984).

### C. Appellees' Proposed Defenses to the Cognovit Note

{¶ 18} Appellees' merit brief does not address Appellants' contention that the provision of the agreement concerning the cognovit note is an unenforceable penalty. Rather, Appellees raise a number of alternative defenses concerning the enforceability of the cognovit note. We will address Appellees' arguments and whether paragraph 3 of the agreement is a liquidated-damages provision.

### i. The Laws Concerning Liquidated Damages Governs Our Discussion

{¶ 19} First, Appellees argues that since the trial court enforced the cognovit note pursuant to paragraph 3 of the agreement, rather than the liquidated-damages provision in paragraph 2 of the agreement, the law of liquidated damages does not apply. Appellees are incorrect. Paragraph 3 of the agreement provides for a stipulated amount owed to Appellees via a cognovit note in the event that Appellants breach the agreement. The substantive effect of the provision is to provide the non-breaching party, Appellees, a stipulated amount of liquidated damages upon a breach. By its very substance, this provision is a liquidated-damages provision that must reasonably contemplate actual loss. It may not operate as a penalty. *See Boone Coleman* at ¶ 19; Restatement of the Law 2d, Contracts, § 356 (1981).

{¶ 20} The terms used in a contract are not conclusive or controlling in assessing whether a provision set forth in a contract is a valid, enforceable liquidated-damages provision or an unenforceable penalty. *See Samson Sales,* 12 Ohio St.3d at 28, citing *Doan v. Rogan,* 79 Ohio St. 372 (1909). "Neither the parties' actual intention as to its validity nor their characterization of the term as one for liquidated damages or a penalty is significant in determining whether the term is valid." Restatement of the Law 2d, Contracts, § 356, Comment c (1981). "[T]he validity of a term providing for damages depends on the effect of that term[.]" *Id.* As such, in analyzing such provision, we "look to the substance of the agreement to

determine whether this is the case or whether the parties have attempted to disguise a provision for a penalty that is unenforceable . . . ." *Id.*

{¶ 21} We begin with the plain language of the agreement to determine the substantive effect of the cognovit provision set forth in the agreement. Paragraph 3 of the agreement provides, in relevant part: "The Cognovit shall ONLY be enforceable if the Settlement Amount is not paid as set forth above and if [Appellants] don't exercise their liquidated damages option set forth in Paragraph 2 above." The language of the cognovit note similarly provides:

> This Note shall be paid by Makers on demand, but ONLY if Makers and/or Packard American Motor Company, Ltd., an Ohio limited liability company (or any of them) fail to pay Makers two-hundred-fifteen-thousand-00/100 dollars **($215,000.00)** ("Settlement agreement") by August 16, 2024, pursuant to that certain August 9, 2024 *Global Settlement Release, Confidentiality and Non-Disparagement Agreement* ("Agreement") with which Makers are concurrently executing this Note.

(Emphasis in original.) The cognovit note and the agreement both provide a specific amount of $465,000 owed upon breach of the agreement.

{¶ 22} It is clear from the plain and unambiguous language in paragraph 3 of the agreement, as well as the language set forth in the cognovit note, the note is enforceable only upon the breach of the agreement by Appellants. Since this provision provides for an amount of stipulated damages to be paid upon a breach of the contract by Appellants, it is a liquidated-damages provision that must be reasonable in the light of the anticipated or actual loss caused by the breach. Restatement of the Law 2d, Contracts, § 356 (1981).

## ii. Defenses to the Enforcement of Cognovit Notes

{¶ 23} Second, Appellees argue that the execution of a cognovit note cuts off every defense, except payment, which the maker of the note may have. While defenses available to a cognovit note are limited, cognovit notes are not impervious to challenge. This court has recognized a number of meritorious defenses to cognovit notes, apart from actual payment, including """improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment.""" *Keybank N.A. v. Midtown Inspirion, L.L.C.,* 2025-Ohio-1737, ¶ 28 (8th Dist.), quoting *Baker Motors, Inc. v. Baker Motors Towing, Inc.,* 2009-Ohio-3294, ¶ 12 (8th Dist.), quoting *First Natl. Bank of Pandora v. Freed,* 2004-Ohio-3554, ¶ 9-10 (3d Dist.). In short, """a meritorious defense is one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note.""" *Id.*

{¶ 24} Here, we are not tasked with reviewing the substance of the cognovit note, but the origin of its creation, i.e., the provision set forth in paragraph 3 of the agreement. It is the enforcement of that provision, the source of the note, that is being challenged. Not the substance of the note itself. The amount stipulated to in the note, pursuant to the agreement, must be for reasonably anticipated damages or actual loss upon breach, not an unenforceable penalty. *See Couris v. Graham,* 1983 Ohio App. LEXIS 13479 (5th Dist. Dec. 19, 1983) (holding that a cognovit note that

was part of a contract provision for liquidated damages constituted a penalty and "did not bear any reasonable relationship to the loss actually demonstrated by the record on appeal"). *See also* Restatement of the Law 2d, Contracts, § 356, Comment c (1981).

**D. Remand**

{¶ 25} In the proceedings below, Appellants argued that the cognovit note was unenforceable in that it operated as an unlawful penalty, rather than a valid liquidated-damages provision. The trial court never addressed this argument, presumably adopting Appellees' position that the cognovit note was not a liquidated-damage clause and that the only defense to the enforcement of a cognovit note is proof of payment.

{¶ 26} Generally, when a lower court fails to address an argument necessary to the disposition of a matter, the reviewing court will remand the matter back to the lower court to make the determination in the first instance. *See Davis v. Wal-Mart Stores, Inc.,* 2000 Ohio App. LEXIS 1838, *6 fn. 1 (8th Dist. Apr. 27, 2000); *Freeman v. Ohio Elections Comm.,* 2024-Ohio-1223, ¶ 48 (10th Dist.) (noting that "when the common pleas court fails to address an argument, this court will remand the matter for the common pleas court to make the determination in the first instance"); *State ex rel. Ewart v. State Teachers Ret. Sys. Bd. of Ohio,* 2019-Ohio-2459, ¶ 53 (10th Dist.) (noting that "[a]lthough [a party] raised this argument in its brief to the trial court, the trial court did not address [the argument]"

and therefore "remand[ed] [the] matter to the trial court to make this determination in the first instance").

{¶ 27} For example, when a trial court fails to address an issue raised by a party in a summary judgment motion, we have stated that those issues "should not be determined by an appellate court in the first instance." *Fayak v. Univ. Hosps.,* 2020-Ohio-5512, ¶ 28 (8th Dist.), citing *Meekins v. Oberlin,* 2018-Ohio-1308, ¶ 24 – 26 (8th Dist.); *Ocwen Loan Servicing, L.L.C. v. McBenttes,* 2019-Ohio-4884, ¶ 8 (9th Dist.). Rather, "[t]he [best] practice is to allow the trial court to analyze the evidence in the first instance." *Fayak* at ¶ 28, quoting *Brown v. Artex Oil Co.,* 2019-Ohio-4809, ¶ 18; *see also Murphy v. Reynoldsburg,* 65 Ohio St.3d 356, 360 (1992) (recognizing that "the trial court's function cannot be replaced by an 'independent' review of an appellate court").

{¶ 28} We decline to address Appellants' arguments that the provision of the agreement creating the cognovit note is an unenforceable penalty. Having determined that this provision is a liquidated-damages clause, we remand this case back to the trial court to determine whether this provision of the agreement is enforceable pursuant to the Ohio Supreme Court's decision in *Samson Sales,* 12 Ohio St.3d 27.

## Conclusion

{¶ 29} The provision of the agreement from which the cognovit note was created is a liquidated-damages clause. Since the trial court did not address Appellants' argument that the provision operates as an unlawful penalty and is

unenforceable, we remand this case back to the trial court to make that determination.

{¶ 30} Judgment reversed, and case remanded

It is ordered that appellants recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., and
MICHAEL JOHN RYAN, J., CONCUR