[Cite as *Molai v. Standing Rock Cemetery Bd. of Trustees*, 2026-Ohio-1329.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| FRED MOLAI, | **CASE NO. 2025-P-0044** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| STANDING ROCK CEMETERY BOARD OF TRUSTEES, | Trial Court No. 2023 CV 00230 |
| Defendant-Appellee. | |

## OPINION AND JUDGMENT ENTRY

Decided: April 13, 2026
Judgment: Affirmed

*Douglas M. Kehres*, 638 West Main Street, Ravenna, OH 44366 (For Plaintiff-Appellant).

*Hope L. Jones*, The City of Kent, Ohio Law Director, 320 South Depeyster Street, Kent, OH 44240 (For Defendant-Appellee).

SCOTT LYNCH, J.

{¶1}     Plaintiff-appellant, Fred Molai, appeals the judgment entered by the Portage County Court of Common Pleas for damages against defendant-appellee, Standing Rock Cemetery Board of Trustees.  For the following reasons, we affirm the judgment of the court below.

***Substantive and Procedural History***

{¶2}     On March 15, 2023, Molai filed a civil complaint against Standing Rock Cemetery.  Molai averred that he purchased numerous cemetery lots from Standing Rock Cemetery in November 2011 and that one of these lots was used for the burial of his

deceased son.  It was further averred: "For a period of many years Defendant has continued to violate Plaintiff's rights to said lot by entering upon said burial site[,] removing items from the burial site, desecrating the burial site and in November 2022, Defendant maliciously and intentionally planted two large pine trees which encroached on the burial site."

{¶3}    On June 4-5, 2025, the matter was tried to a jury on claims of breach of contract, intentional infliction of emotional distress, and trespass.  Following the close of testimony, counsel for Standing Rock Cemetery moved that an instruction on punitive damages not be given citing R.C. 2744.05(A) which provides: "in an action against a political subdivision to recover damages … in connection with a … proprietary function …[p]unitive or exemplary damages shall not be awarded."  The following argument was made:

> Plaintiff's Counsel:        Your Honor, I do not believe the statute applies to this, because when you read the code section …, it refers to 2744.01[(G)(2)(b)[1]], and it says the design, construction, maintenance and operation of a public cemetery other than a township cemetery.
>
> And then, in the other section[2], it says the design, construction, care, repair and maintenance of a township cemetery.  This is neither one, it's a union cemetery[3], and I guess you could argue that the Township has a proprietary interest.  It's not [a] township cemetery, it's a union cemetery.
>
> Secondly, it says from the design, construction, renovation and operation.  This case has intentional tort in it, and so that has nothing to do with the maintenance or construction or reconstruction or

---

1.  R.C. 2744.01(G)(2)(b): "[a] 'proprietary function' includes … [t]he design, construction, reconstruction, repair, maintenance, and operation of a public cemetery other than a township cemetery."
2.  R.C. 2744.01(C)(2)(s): "[a] 'governmental function includes … [t]he design, construction, reconstruction, renovation, operation, care, repair, and maintenance of a township cemetery."
3.  R.C. 759.27: "[t]he legislative authorities … of one or more municipal corporations and the boards of township trustees of one or more townships … may unite in the establishment and management of a cemetery."

Case No. 2025-P-0044

renovation of it, it's an intentional tort, so I don't think the statute applies.

The Court: Attorney Jones, anything you want to add to that?

Defendant's Counsel: Well, the definition that he read under proprietary functions said the operation, design, whatever of a cemetery other than a township cemetery, and we are "other than." We're not municipal, but we're union.

Plaintiff's Counsel: That's not what I read. The first one I read was a public cemetery other than a township, that's one. The second one says, what I read, maintenance of a township cemetery. This is not a township cemetery. I mean, clearly, it's not a township cemetery.

The Court: Is it your position that, say it was a township cemetery, that you would not be entitled to punitive or attorney's fees?

Plaintiff's Counsel: No, because I don't think that this case is the design, construction, reconstruction, renovation, operation, repair. This case is an intentional tort, and I don't think this excludes those damages under this intentional tort, should the jury find it. If they don't, then it's all moot, but -- so, that's my position.

The Court: All right. Thank you. I understand both of your positions. The Court is going to rule that the jury cannot award punitive damages or attorney's fees in this matter because of the Revised Code section cited by the Defendant's counsel.

{¶4} The jury found in favor of Molai on the breach of contract claim in the amount of $10,000.00 and on the intentional infliction of emotional distress claim in the amount of $90,000.00. The jury found in favor of Standing Rock Cemetery on the trespass claim.

## Assignments of Error

{¶5} On July 8, 2025, Molai filed a Notice of Appeal. On appeal, he raises the following assignments of error:

[1.] The trial court committed prejudicial error in not granting plaintiff-appellant's requested jury instruction on punitive damages because

Case No. 2025-P-0044

R.C. 2744.05 is unconstitutional.

[2.] The trial court committed prejudicial error in not granting the plaintiff-appellant's proposed jury instruction on punitive damages because said jury instruction was requested by both parties.

***Standard of Review***

{¶6} "[W]hen a trial court refuses to give a requested jury instruction, the proper standard of review is whether the trial court abused its discretion under the facts and circumstances of the case." *State v. Palmer*, 2024-Ohio-539, ¶ 16.

***First Assignment of Error: Constitutional Challenge Waived if not Raised in the Trial Court***

{¶7} Under the first assignment of error, Molai argues that "R.C. 2744.05 violates the Plaintiff-Appellant's Due Process and Equal Protection rights given that it prevents him from receiving due process and from his right to have a jury decide the issue of whether punitive damages should be awarded." Brief of Plaintiff-Appellant at 8.

{¶8} Standing Rock Cemetery responds, and we agree, that Molai has waived this issue on appeal by not raising it in the trial court. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus; *State v. Wintermeyer*, 2019-Ohio-5156, ¶ 10 ("[a] first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below").

{¶9} We further note that the prohibition against the assessment of punitive damages against a municipal corporation predates the effective date, November 20, 1985, of the Political Subdivision Tort Liability Act. *Ranells v. Cleveland*, 41 Ohio St.2d 1

Case No. 2025-P-0044

(1975), syllabus ("[i]n the absence of a statute specifically authorizing such recovery, punitive damages can not be assessed against a municipal corporation").

{¶10}  The first assignment of error is without merit.

***Second Assignment of Error: The Trial Court was not Bound by Proposed Jury Instructions***

{¶11}  In the second assignment of error, Molai argues that the trial court erred by not giving an instruction on punitive damages "because the instruction on punitive damages was proposed by both parties and no prejudice would have arisen from allowing the instruction."  Brief of Plaintiff-Appellant at 10.

{¶12}  We disagree.  Although Standing Rock Cemetery included an instruction on punitive damages in the proposed jury instructions filed with the court, it was entitled to argue otherwise prior to the actual instruction of the jury.  In other words, we are aware of no authority that would bind a party to the positions taken in its proposed jury instructions.

{¶13}  More fundamentally, "[r]equested jury instructions should ordinarily be given if they are correct statements of law, if they are applicable to the facts in the case, and if reasonable minds might reach the conclusion sought by the requested instruction."  *State v. Adams*, 2015-Ohio-3954, ¶ 240.  The proposed instruction on punitive damages in the present case was not a correct statement of law.  There is no dispute that Standing Rock Cemetery is "a public cemetery other than a township cemetery" and, therefore, the prohibition against punitive damages in R.C. 2744.05(A) applies.  *Thompson v. Germantown Cemetery*, 2010-Ohio-1920, ¶ 22 (2d Dist.) ("R.C. 2744.05(A) ('Punitive or exemplary damages shall not be awarded') plainly prohibits awarding punitive damages

Case No. 2025-P-0044

in a tort action against a political subdivision").  It was not an abuse of discretion not to give the proposed instruction.

{¶14}  The second assignment of error is without merit.

{¶15}  For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.  Costs to be taxed against the appellant.


EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-P-0044

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are without merit. The order of this court is that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE ROBERT J. PATTON,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0044